MALSBY & AVERY *v.* YOUNG *et al.*, and *vice versa.*

1. Where a term order which provided for the hearing of a motion for a new trial in vacation allowed the movant until the hearing "to make out and present a brief of the evidence for the approval of the court," it was within the power of the judge at or before the hearing to approve the brief of evidence and order it to be filed; and where under such order the motion was set for a hearing in vacation in a county other than that in which the case was tried, and on the day before the hearing the judge approved the brief of evidence and passed an order directing it to be filed, it was proper, when the motion came on to be heard upon its merits, to treat the brief as having been duly filed, the judge's action thereon being, under the circumstances, the legal equivalent of an entry of filing upon the brief by the clerk.

2. On the trial of an action of trover in which the defendants had filed an equitable answer wherein, by way of cross-action, they prayed for affirmative relief, to which their allegations, if true, entitled them, it would not have been proper to charge, without qualification, the law embraced in section 5335 of the Civil Code, giving to the plaintiff in an action of trover a right of election as to the form of verdict.

3. Where a contract gives to the purchasers of personalty sold to them under an express warranty the right, upon compliance with specified conditions, to return the same to the sellers by delivery at a designated place free of freight charges, a mere notice to the latter that the property is held subject to their order is not a compliance with the terms of the contract, and should not, in instructions to the jury, be treated as a proper offer to return, or as a suitable "tender" of the property.

4. The law of implied warranty in the sale of personalty has no application to a case where the property was sold under a contract of express warranty, the terms of which explicitly define the warranty actually made.

5. Where under a contract of purchase the vendees are allowed a specified time in which to discover defects, and they by contract bind themselves to report immediately thereafter to the sellers all defects so discovered, it is not, in a controversy between the parties subsequently arising, proper for the court, in its instructions to the jury, to treat the contract as allowing the vendees an indefinite period in which to discover and complain of such defects, there being evidence to show they had full opportunity to do so within the time limited, and also to warrant a finding that they had waived the defects they sought to prove at the trial. The above is true though the vendees in such pleadings, in general terms, alleged that the sellers had perpetrated a fraud upon them by falsely representing the qualities of the property sold.

6. Some of the charges complained of were not warranted by the evidence; others of them were not accurately adjusted to the issues involved, or appropriate in view of the terms of the instrument expressing the contract between the parties. The ends of justice require a new trial.

Argued February 12,—Decided April 13, 1898.

Trover.  Before Judge Kimsey.  Habersham superior court. September term, 1896.

Defendants purchased of plaintiffs a steam-engine and saw-mill for $1,200, for which four notes of $300 each were given, under the terms of a written order therefor.  The order states, that defendants agree to receive the machinery subject to the conditions of the warranty herein contained, and to pay the notes with interest thereon, which are to be secured by personal or real estate security, and to be accompanied by a chattel mortgage or deed of trust on the machinery.  The title to the machinery does not pass from plaintiffs until all the conditions of the order have been fully complied with.  It is warranted to be of good material and durable, with good care and with proper usage to do as good work as any made in the United States, of similar style and like amount of use, and to be in good fair condition.  If it will not bear the above warranty after a trial of ten days, written notice shall immediately be given to plaintiffs, stating wherein it fails to satisfy the warranty, and reasonable time shall to them be given to send a competent person to remedy its difficulty, the purchaser rendering necessary and friendly assistance.  Plaintiffs reserve the right to replace any defective part or parts; and if then the machinery can not be made to fill the warranty, it is to be returned by the purchaser free of charge to the place where received, and another substituted therefor that shall fill the warranty, or the notes and money immediately returned and this contract canceled, neither party in such case to make or have any claim against the other.  If plaintiffs at purchaser's request shall render assistance of any kind in operating the machinery or any part of it or in remedying any defects, either before or after the ten days trial, such assistance shall in no case be deemed a waiver or excuse for any failure of the purchaser to fully keep and perform the conditions of this warranty. When at the request of purchaser a man is sent to operate the machinery, which is found to have been carelessly or ignorantly handled to its injury in doing good work, plaintiffs putting it in working order again, the expenses incurred by them shall be paid by purchaser.  All warranties to be invalid

in case the machinery is not settled for when delivered, or if this warranty is changed, whether by erasure, addition, or waiver, or if the purchaser shall in any respect have failed to comply therewith.

Each of the notes for the deferred payments provides: "It is a part of the contract of sale, that the title shall not pass from Malsby & Avery until all of said notes are paid; and if the amount of this note with interest is not paid at maturity, or in case of the removal of said machinery from the county of Rabun, or if the said machinery shall not be properly cared for, then the said Malsby & Avery may declare all our notes at once due and payable, and take possession of said machinery, sell or dispose of the same privately or publicly, : . and after the payment of their debts and all cost, including counsel fees, pay over the remainder to us; the purchaser from them to receive a good and irrevocable title against me to the machinery, without offset of any kind." .

The suit was in bail-trover to recover the machinery; and the defense was as follows: Defendants made a conditional purchase of the property, upon a guaranty from plaintiffs that it was perfect, as good as new, and well and reasonably suited to the uses intended. Said representations were entirely false; the machinery was not perfect nor as good as new, and was not well and reasonably suited for the uses intended; and within two weeks defendant notified plaintiff of said facts. Upon said complaint being made, plaintiffs promised and assured defendants that they would make good their guaranty, and repair and refurnish all necessary defects and defective material; but they have utterly failed and refused to carry out and fulfill said promises. Fully believing that plaintiffs would carry out their contract and agreement, defendants paid to them $515 to be applied as a payment on the purchase-money notes. Defendants have suffered from loss of time in trying to use and work the machinery, in the further sum of $500 or other large amount. The contract between plaintiffs and defendants is null and void on account of said fraud, misrepresentations, and false promises; and now that plaintiffs have elected to recover the property, which defendants admit

they have a right to .do, defendants pray that they may recover the two sums just named.  Notwithstanding plaintiffs have elected to treat the contract of purchase as void and to retake possession of the property, they are proceeding to advertise and sell it as the property of defendants, under a power stated in the contract of purchase, which contract is now admitted by all parties to be void, rescinded, and abrogated; but plaintiffs are seeking to obtain the unfair advantage of selling the property now while under a cloud of litigation, purchase it at a very low price, and then proceed to collect the balance of the face of the notes out of defendants.  Defendants attach a copy of the advertisement of sale.  They contend that such power of sale no longer exists, and is null and void; and if not, they now revoke it, and deny plaintiffs any right to sell themselves, and say that, having seized the property as their own, they can not legally sell it under any pre-existing contract that is now abrogated, canceled, and void.  Defendants pray for injunction to prevent such sale; that the contract be declared void, and the rights of defendants set up and established; and that plaintiffs be required to pay defendants the sums above set forth as due them.

Under the evidence introduced and the charge of the court, the jury found that plaintiffs recover the machinery sued for, but that they pay the costs and pay the defendants $200, and surrender to defendants the notes given by them for the machinery.  Plaintiffs moved for a new trial.  The motion was overruled, and they excepted.  For the other material facts see the opinion.

*W. L. Telford, J. C. Edwards* and *W. I. Pike,* for plaintiffs.
*G. P. Erwin, H. H. Perry* and *Dean & Hobbs,* for defendants.

LITTLE, J.  An original and a cross-bill of exceptions were argued here together, and each will be disposed of in this opinion.  A verdict and judgment were rendered in the court below against Malsby & Avery, a motion for a new trial made by them was overruled, and to a judgment refusing to grant a new trial that firm sued out a writ of error to this court.  On the hearing of the motion in the court below, the following facts

appeared : The case was tried at the September term, 1896, of Habersham superior. court, and a verdict rendered, which Malsby & Avery moved to set aside and asked that a new trial be granted. At that term movants, by proper order, were granted time to make out and present a brief of the evidence, and the hearing of the motion was continued until the January term, 1897, of Hall superior court, no brief of evidence being filed at the term at which the case was tried. During the January term, 1897, of Hall superior court, the movants presented to the court a brief of the evidence, which the judge approved and ordered filed as a part of the record. On the day after the approval, which was the last day of that term of Hall superior court, the motion for a new trial was called for a hearing, and the respondents moved to dismiss it, making, in brief, two grounds of complaint, namely : that no brief of the evidence of any character had been filed in Habersham superior court at the term when the motion for a new trial was made ; and that the brief of evidence, approved and ordered filed by the judge, had in fact never been filed in the office of the clerk of Habersham superior court. The motion to dismiss was overruled ; and the respondents filed their bill of exceptions, alleging error in refusing to dismiss the motion for a new trial, which assignment of error is the basis of the cross-bill in the case.

1. To the point that no brief of evidence was filed in Habersham superior court during the term at which the motion for a new trial was made, it is sufficient to say that an order was taken giving the movants until some time during the January term, 1897, of Hall superior court, which was in the same judicial circuit, in which to make out and present a brief of the evidence to the judge for his approval, and this order was consented to by the respondents. The effect of such order was to obviate the legal necessity of presenting the brief at the term at which the case was tried ; and there was, after the grant of the order, no legal duty on the part of the movants to present the brief until some day during the January term, 1897, of Hall superior court.

The other point is not free from difficulty. It is undoubt-

edly true that the law prescribes that the brief of evidence shall be filed in the office of the clerk of the superior court in which the motion for a new trial is pending. It would seem that it is necessary for this to be done in order for such brief to become a part of the record. By the act of 1889, codified in section 5484 of the Civil Code, a brief of the evidence may be filed, subject to the approval of the judge; and such should have been done in this case. If not, when the objection was made at the hearing, time should have been given to the movant to file the approved brief before the hearing was had. Rule 49 of the superior courts is explicit in providing for such filing. Civil Code, § 5680. It will be noted, however, that the effect of the order granting time to prepare the brief, consented to by respondents, waived the necessity of filing it during the term, and by the terms of the order movants were allowed until the January term, 1897, of Hall superior court, "to make out and present a brief of the evidence;" and this court held in the case of *Hightower* v. *George*, 102 *Ga.* 549, that the court did not err in refusing to dismiss the motion because the brief had not been filed before the day appointed for the hearing by a similar consent order. In the case of *Wynne* v. *Stevens*, 101 *Ga.* 808, this court held that presenting to the judge a petition for a rule nisi to foreclose a mortgage, before it was filed in the office of the clerk, was equivalent to filing it in court, and that the clerk's entry of filing was not the exclusive method of proving the fact of filing. We are all clearly of the opinion that the brief of evidence should have been filed in the office of the clerk, whether before the approval or not, certainly before the hearing; but, on the authority of the two cases cited above, we hold that, under the circumstances set forth, what actually occurred was the legal equivalent of a filing of the brief in the clerk's office. For the purposes of this motion, Habersham superior court was in session in Hall county, and the judge's official dealing with the brief made it to all practical intents a paper on file in that court. We therefore decline to reverse the judgment refusing to dismiss the motion for a new trial, and therefore affirm the judgment complained of in the cross-bill of exceptions.

2. The official report of the case made on the original bill of exceptions precedes this opinion, and sufficiently states the facts without reference thereto herein. It is complained, and made one of the grounds of the motion for a new trial, that the court erred in not charging the jury that the plaintiffs had elected to take a verdict for the value of the property, and, upon proof of their case, would have a right to elect to take such a verdict. This being an action of trover to recover personal property, and the plaintiffs having elected to have a verdict for the value of the property, it would ordinarily have been error for the court to have failed to instruct the jury to render a verdict as the plaintiffs elected, if their finding should be in favor of the plaintiffs; but to the action the defendants filed an equitable plea, which was not demurred to, and prayed equitable relief for the rescission of the contract (conditional sale), and that their equitable rights be established and the plaintiffs be required to pay them a given sum, being the amount of damage claimed to have been sustained by them by reason of a breach of the contract affecting the subject-matter of the suit, etc. Very much evidence was had pro and con under the issues raised by the equitable plea, and under one view of the case the defendants were entitled to equitable relief; and it was therefore competent for them to meet the case against them by equitable answer. *Beall* v. *Rust*, 68 *Ga.* 774. While in this case the defenses were set out by independent bill, there is no reason why such should not now be made by claiming equitable relief in defense of the action (Civil Code, §§ 4837, 4833, 4834), and defendants be entitled to such equitable relief as might be proper in the case. It follows, therefore, that when such relief is sought in defense of the action by an equitable plea, and in any view of the evidence equitable relief should be granted, it is proper for the court to so frame its instructions to the jury as will meet the issues raised by the pleadings and evidence in the case. Consequently, it would in the present instance have been erroneous to charge, without explanation or qualification, that the plaintiffs were entitled to elect to take a money verdict. The effect would have been to ignore the issues made by the answer. Such right of election does not necessarily apply in such a case.

3. The principle stated in the third headnote needs no elaboration.

4. One of the exceptions to the charge is, that the court, among other things, charged the jury on the subject of warranty as follows: "Now, whether there is an express warranty or not, the law would make the seller warrant it [machinery] to be reasonably suited to the use intended; and if you should find that it was not reasonably suited to the use intended, then that would be a breach of warranty." The proposition stated in this extract from the charge is certainly not law. Much would depend upon the nature and extent of the warranty, where it was express, whether any implied warranty would exist in connection with what was expressed; and as an express warranty was made a part of the written contract on which the suit was founded, and by the contract the defendants received the machinery subject to the conditions of the warranty printed therein, the rights of the parties as to the nature and character of the articles sold are to be measured by the representations and warranties therein contained; and as such express warranty covered the conditions as to title, make, capacity, etc., fully and in detail, the charge of the court complained of was error. The provisions of law in relation to implied warranty are, that if there is no express warranty, the purchaser must exercise caution in detecting defects; the seller, however, in all cases (*unless expressly or from the nature of the transaction excepted*) warrants, etc. Civil Code, § 3555. Here, from the nature of the transaction, where there was a written contract expressly reserving title in the vendors, when full representations as to make, capacity, and condition of the machinery, and what it could and would do, were set out in detail in the writing by the parties, the law of implied warranty could have no application, and no other effect than to change the contract which the parties had made. It is only in the absence of an express warranty that resort can be had to an implied warranty. *Johnson* v. *Latimer*, 71 *Ga.* 470.

5. The ruling made in the fifth headnote can not be made more plain by additional words. The parties are to be governed and their rights established by the contract which they

made, which in this case is in writing, very full and explicit, and all of its terms as far as practicable must be given full effect. The intention is to be gathered largely from what the parties say, the words they use, and, when ascertained, both law and justice require it to be given full effect.

6. There were many other grounds of error alleged, mainly relating to the charge of the court. Some parts of the charge were not warranted by the evidence, other parts not accurately adjusted to the issues, nor appropriate under the terms of the contract between the parties. The record is very voluminous, the assignments of error numerous. We have given to it and them a patient investigation, and while we have not attempted to specifically consider separately all the grounds of the motion, we have set forth above in a manner sufficiently full the reasons why a new trial should be had. The court below erred in not granting the motion for a new trial; and the judgment complained of in the original bill of exceptions is

*Reversed. Judgment on cross-bill affirmed. All the Justices concurring, except Cobb, J., absent.*