## INTERNATIONAL HARVESTER COMPANY OF AMERICA

### v. DILLON.

1. A contract for the sale of a machine provided that it was sold subject only to the warranty that the machine would do good work, was well made, of good material, and durable when used with proper care. It also stipulated that if upon one day's trial the machine failed to work well, the purchaser should immediately give written notice to the seller, allow reasonable time for a man to be sent to put the machine in good order, and render necessary. and friendly assistance to operate it. If when this was done the machine could not be made to work well, the purchaser should immediately return it to the seller, and the contract should be rescinded. It also stipulated that failure on the part of the purchaser to comply with any of the conditions should be considered as an acceptance of the machine and a fulfilment of the warranty. Held, that the purchaser would not be let in to plead that the machine was worthless, unless he had complied with the conditions named in the contract.

2. The burden being upon the defendant to show a compliance with the conditions, and the evidence failing to show such compliance, the verdict in his favor on a plea of total failure of consideration was unauthorized.

3. If the defendant had given the notice required by the contract, he would be let into his defense of a total failure of consideration, if the plaintiff failed after reasonable time to send a man to put the machine in good order; and this would be true without reference to whether he returned the machine. If, however, a return of the machine was necessary, merely storing the machine and notifying the plaintiff it was subject to his order would not, under the contract, be a return.

4. Some of the assignments of error upon the instructions of the judge construing the contract were well taken, and the errors were of such a character as to require a reversal of judgment.

Submitted July 18,—Decided November 10, 1906.

Appeal. Before Judge Felton. Bibb superior court. January 2, 1906.

The International Harvester Company of America brought suit against Dillon, in a justice's court, upon two promissory notes, one for $40 and the other for $45. The defendant filed a plea that the consideration of the notes was a corn binder, which was worthless,. and that the defendant was not liable on the notes, because the consideration had .entirely failed. The justice rendered a judgment in. favor of the defendant. The plaintiff entered an appeal to the superior court, and the case came on for trial in that court, and a. verdict was rendered in favor of the defendant. The plaintiff filed

a motion for a new trial, which contained numerous grounds assigning error upon specified portions of the judge's charge. The motion was overruled, and 'the plaintiff excepted.

*Hardeman & Jones,* for plaintiff.

*Nottingham & McClellan,* for defendant.

COBB, P. J. (After stating the foregoing facts.)

1. Those portions of the contract of sale of the machine in question, which are material to the present case, are as follows: "It is distinctly understood that the above-mentioned machine is purchased subject to the following warranty, and no other, and the undersigned hereby acknowledges receipt of a copy of the same. International Harvester Co. of America warrants this machine to do good work, to be well made, of good materials, and to be durable if used with proper care. If upon one day's trial the machine fails to work well, the purchaser shall immediately give written notice to said company, addressed to its office, corner Adams and Jefferson streets, in Chicago, Illinois, or to its authorized agent, through whom the machine was purchased, stating wherein it fails; allow reasonable time for a man to be sent to put it in good order, and render necessary and friendly assistance to operate it. If the machine can not then be made to work well, the purchaser shall immediately return it to said agent, and the money or notes for it shall be refunded; which, when done, shall constitute a settlement in full of the transaction. Failure on the part of the purchaser to comply with any of the conditions herein named shall be considered an acceptance of the machine and a fulfilment of the warranty. The provisions of this warranty shall not be changed or waived in any respect; neither can this order be cancelled without the consent of the International Harvester Company of America."

The contract contained an express warranty, and therefore the implied warranty of the law was excluded. *Holcomb* v. *Cable Co.,* 119 *Ga.* 466. The warranty was, that the machine should do good work, was well made, and would be durable if used with proper care. If this had been all that the contract contained, the defendant could have defeated a recovery upon the notes by showing that the warranty had in any one particular so far failed that damages resulting therefrom would amount to more than the amount due on the notes; or he would have been entitled to a credit on the notes if the damages were for a less sum. The contract in terms provided that in-

43

sistence upon this warranty should be dependent upon the performance of certain conditions named in the contract. The first was that if upon one day's trial the machine failed to work well, the purchaser was immediately to give written notice to the company at its office in Chicago, or to its agent through whom the purchase was made, stating wherein it failed. The second was that a reasonable time was to be allowed for a man to be sent to put the machine in good order; and the third was that the purchaser was to render necessary and friendly assistance to operate the machine. There was still another condition in the contract. If the machine, after the foregoing conditions were complied with, could not be made to work well, the purchaser was to return it immediately to the agent, and the contract was to be rescinded. It was distinctly provided that failure on the part of the purchaser to comply with any of the conditions named should be considered as an acceptance of the machine and fulfilment of the warranty. This was the contract between the parties, and by it they are bound. Before the defendant could be released from liability on his notes, it must be made to appear, that one day's trial of the machine had been made; that it did not work well; that written notice of the fact and the reason for the same had been given to the company, either at its office in Chicago or through its agent who sold it; that a reasonable time had elapsed, and that the company had either failed to send a man to make the machine work, or, having sent a man, he had been unable to make the machine do good work, and the purchaser had rendered the friendly assistance to accomplish this result, and that immediately after this fact became apparent the machine was returned to the company or its agent.

2. The burden upon the defendant being of the character above indicated, it becomes necessary to determine whether, under the evidence, the jury were authorized to return a verdict in his favor on his plea of failure of consideration. Although there were some conflicts in the evidence, there was ample evidence to authorize the finding that the machine would not do the work for which it was purchased. There was no conflict as to the trial of the machine. The evidence amply authorized the finding that it did not work well. Such being the condition of affairs, under the contract it became obligatory upon the defendant to give written notice to the company at Chicago, or to its agent through whom the machine

was purchased, that the machine failed to work well, "stating wherein it failed." There was no copy of any written notice introduced in evidence. It appears that the defendant was allowed to testify, without objection, as to the notice given to the company. His testimony on that subject is as follows: "The notice I gave the company was I went to them in person and wrote to the company in Chicago. I did give them notice as quick as I found it would not work after I worked three or four hours. I sent a man down town. I gave notice the same day they came to me and said it was working, five hours afterwards. They have never sent a man, and never have yet." This testimony follows a recital by the defendant of the efforts made to use the machine, and the failure of such efforts, and is followed by a statement that the machine is worth nothing, that he has been damaged by attempting to use it, and that he holds it subject to the orders of the plaintiff and in the condition in which it was left by the agents of the plaintiff who attempted to remedy its defects. This is all the evidence on the subject of a notice to the company, and this notice, whatever it was, appears to have been given after there had been repeated efforts made by experts of the company to operate the machine, and such efforts had failed except in places where the corn was small and tender. There was no controversy in the evidence as to the fact that no man was ever sent after this notice was given. There seems to have been no complaint upon the part of the plaintiff that the defendant failed to render the friendly assistance in the operation of the machine required by the contract. There was no evidence that the machine had actually been returned to the plaintiff or its agent. The only evidence on this subject was, that the machine had failed to work, and the company had failed to send a man to make it work in response to the notice above referred to, and that the defendant stored the machine and held it subject to the orders of the plaintiff. It may be that the defendant has been grossly imposed upon, and that he has a machine that is worthless, but his right to avail himself of this fact as a defense depends upon his complying with the stipulations in a written contract which he has deliberately entered into. The contract provides that if the machine fails to work well, written notice of this fact, "stating wherein it fails," must be given to the company. The giving of this notice is a condition precedent to the right of the defendant

to. rely upon the warranty that the machine would work well. The defendant was allowed to testify to the fact that he had given a written notice, but the burden was on him to show not only this fact but what the notice contained, and it was essential that this notice should show wherein the machine failed.    There was no evidence as to the contents of the notice on this subject.    At this point the defendant failed to make out his defense, and the verdict was therefore contrary to the evidence.

3. The plaintiff was under no obligation under the contract to send a man to make the machine work, unless it received a written notice of the character provided for in the contract.    If the notice had been in conformity to the terms of the contract, then the defendant would have been let into his defense,—a breach of the warranty,—if the plaintiff failed after reasonable time to send a man to remedy the defect in the machine.    This would be true without reference to whether he returned the machine.    The return of the machine as a condition precedent to a defense of breach of warranty was only required in the event the machine failed to work, after written notice as required by the contract was given, and a man was sent. to put the machine in working order, who failed to accomplish this result.    In *McCormick Harvesting Machine Co.* v. *Allison,* 116 *Ga.* 445, it appears from the original record in the case that a man was sent to make the machine work and failed to accomplish the purpose of his mission.    In that case, therefore, it was properly held that, under the terms of the contract, the return of the machine was a condition precedent to a defense setting up a breach of warranty.

4. The evidence of the witness Williams as to the declaration of the expert who was sent out by the company to set up the machine, that the machine would not work, should have been excluded, for the reason that this declaration was made after the agent had left the place where the machine was, and was no longer engaged in any work of his principal.    Its admission was harmless, for it appears that the statement as made really referred to the condition of the corn, rather than the machine.    A new trial, must, however, be granted for other reasons, which are sufficiently shown in the foregoing discussion.    We do not consider it necessary to discuss in detail the assignments of error upon the various extracts from the charge of the court.    It is apparent that we do not agree with the

learned judge who presided at the trial in his construction as to some portions of the contract; and from what has been said it can be seen what is our interpretation of the contract, and this will be followed by the judge when the case is tried again.

*Judgment reversed.    All the Justices concur.*