BROOKS BROTHERS LUMBER Co. *v.* CASE THRESHING MACHINE Co.

ATKINSON, J. 1. Where there is a sale of personal property under an express warranty as to quality, there is no implied warranty. Civil Code (1910), § 4135; *Johnson* v. *Latimer,* 71 *Ga.* 470; *Malsby & Avery* v. *Young,* 104 *Ga.* 205 (30 S. E. 854); *Elgin Jewelry Co.* v. *Estes & Dozier,* 122 *Ga.* 809 (50 S. E. 939); *Moultrie Repair Co.* v. *Hill,* 120 *Ga.* 730 (48 S. E. 143).

2. Where in a sale of machinery there is an express warranty as to quality, and by the terms of the warranty liability of the seller is predicated upon conditions which must be performed by the buyer before liability upon the part of the seller is to attach, such as that the buyer is to take the property on trial for a specified time, and, upon its failure to fulfill the warranty, give written notice at once to the seller at a designated place, and also to the agent of the seller through whom the property was received, stating in what parts and wherein the property fails

to fulfill the warranty, the seller will not be held liable on the warranty unless the buyer complies with such conditions. *International Harvester Co.* v. *Dillon*, 126 *Ga.* 672 (55 S. E. 1034) ; *Beasley* v. *Huyett*, 92 *Ga.* 273 (2), 278 (18 S. E. 420) ; *McCormick Machine Co.* v. *Allison*, 116 *Ga.* 445 (42 S. E. 778) ; *Mayes* v. *McCormick Machine Co.*, 110 *Ga.* 545 (35 S. E. 714) ; *Fay & Egan Co.* v. *Dudley*, 129 *Ga.* 314 (2) (58 S. E. 826) ; *Walker & Rogers* v. *Malsby Co.*, 134 *Ga.* 399 (67 S. E. 1039) ; *Fahey* v. *Easterly Machine Co.*, 3 N. D. 220 (55 N. W. 580, 44 Am. St. R. 554).

(a) And where the warranty also contains the provision: " Any assistance rendered by the company, its agents or servants, in operating said machinery, or in remedying any actual or alleged defect, either before or after the ten days' trial, shall in no wise be deemed any waiver of or excuse for any failure of the purchaser to fully keep and perform the conditions of this warranty," it will not amount to a waiver of compliance with the conditions imposed upon the buyer, if the seller, without the required notice, upon the request of the buyer undertakes to assist the buyer in perfecting the property to the end that it may come up to the standard of efficiency mentioned in the warranty. 30 Am. & Eng. Enc. Law (2d ed.), 202.

3. An amendment to the defendant's plea, introducing new matter of defense, opened the plea as amended to demurrer, although a former amendment, containing, in substance, a part of what was set out in the last amendment, had been allowed over plaintiff's oral objection.

4. Under the rulings announced in the preceding notes, there was no error in dismissing the plea as amended on general demurrer.

5. Where error is assigned upon the direction of a verdict, and the evidence is not contained in the record, this court can not say that the verdict was improperly directed.

*Judgment affirmed.  Beck, J., absent.  The other Justices concur.*

AUGUST 22, 1911.

Complaint.  Before Judge Felton.  Bibb superior court.  April 27, 1910.

*L. D. Moore*, for plaintiff in error.  *T. E. Ryals*, contra.