### 11376.  LEWIS *et al.* v. DICKENSON.

SMITH, J.  1. There is no implied warranty, where there is a sale of personal property under an express warranty. Civil Code (1910), § 4135; *Johnson* v. *Latimer,* 71 *Ga.* 470; *Malsby* v. *Young,* 104 *Ga.* 205 (30 S. E. 854); *Elgin Jewelry Co.* v. *Estes,* 122 *Ga.* 809 (50 S. E. 939); *Brooks Lumber Co.* v. *Case Threshing Machine Co.,* 136 *Ga.* 754 (72 S. E. 40).

2. Thus, where in a sale of machinery there is an express warranty that it will do good work, is well made, of good material, and durable when used with proper care, and by the terms of the warranty liability of the seller is predicated upon conditions which must be performed by the purchaser before liability upon the part of the seller is to attach, such as if upon one day's trial the machine fails to work, then the buyer shall immediately give written notice to the seller, informing him wherein the machine fails, and allow reasonable time for a competent man to be sent to put it in good order and render necessary and friendly assistance to operate it, the seller will not be held liable on the warranty unless the buyer complies with such conditions.

3. The burden being upon the defendant to show that he had complied with the conditions of the warranty, and the evidence failing to show such compliance, the court did not err in directing a verdict for the plaintiff. *International Harvester Co.* v. *Dillon,* 126 *Ga.* 672 (55 S. E. 1034).

4. Evidence that the plaintiff came to the defendant's house and told him to roll the machine under the shed, that the company was making new parts for it, and, if it did not give satisfaction then, that it would take the machine back, did not estop the plaintiff from setting up the defendant's waiver of liability by failing to comply with the conditions set out in the warranty. See *Walker* v. *Malsby Co.,* 134 *Ga.* 399 (1 *a*) (67 S. E. 1039).

5. The trial judge did not abuse his discretion in refusing to reopen the case after both sides had closed.

6. This suit being one against the maker and accommodation indorser of several promissory notes, and there being a general verdict returned

in favor of the plaintiff, and judgment entered only as to the maker. and both defendants having made a motion for a new trial, and both of them having brought the case to this court for review, the motion to dismiss the bill of exceptions as to the indorser is denied.

*Judgment affirmed.   Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 12, 1920.

Complaint; from city court of Miller county — Judge Geer. February 14, 1920.

*N. L. Stapleton,* for plaintiff in error.   *P. D. Rich,* contra.