## SOUTH ATLANTIC PACKING & PROVISION CO. v. YORK MFG. CO.

(Circuit Court of Appeals, Fifth Circuit. October 26, 1921.)

No. 3637.

1. **Appeal and error ⬅➡997(3)—Verdict directed on request of both parties not reviewable if sustained by any evidence.**

   Where both parties request direction of verdict, if sustained by any evidence the judgment will be affirmed unless error of law is shown.

2. **Sales ⬅➡288(4)—Failure to give notice of objection to machinery within time required by contract held acceptance.**

   Under a contract to furnish and install ice-making machinery, requiring plaintiff to give written notice when the plant was ready to charge, a provision that unless defendant gave written notice within 30 days thereafter, specifying any defect or failure to operate it, defendant should be deemed to have accepted the plant as complying with the contract, *held* valid and enforceable, and a failure to give such notice within 30 days after plaintiff's notice of completion *held* a complete acceptance, and to preclude defendant from claiming breach of a warranty that the plant would produce a stated quantity of ice per ton of coal consumed.

3. **Courts ⬅➡347—Allowance of amendments largely discretionary.**

   The allowance of amendments in the federal courts is governed by Rev. St. § 954 (Comp. St. § 1591), and is largely a matter of discretion, which ordinarily will not be controlled.

In Error to the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

Action at law by the York Manufacturing Company against the South Atlantic Packing & Provision Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Francis M. Oliver and Edgar J. Oliver, both of Savannah, Ga., for plaintiff in error.

H. C. Niles, of York, Pa., and Samuel B. Adams and A. Pratt Adams, both of Savannah, Ga., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. The York Manufacturing Company (hereinafter called the plaintiff) brought suit in the United States District Court for the Southern District of Georgia at Savannah against the South Atlantic Packing & Provision Company (hereinafter called the defendant) to recover the price of certain ice-producing machinery installed for it under a written contract. The machinery was to be affixed to and used with certain other machinery of the defendant.

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The chief purpose of the contract was to convert a distilled-water ice plant into a raw-water ice plant.

The contract provided for the furnishing and installing of certain described machinery and appliances as per specifications and contained two guaranties:

(1) That the plant when changed as specified will be capable of producing 100 tons of merchantable raw-water ice per day of 24 hours when in full and continuous operation and when properly operated in accordance with plaintiff's instructions.

(2) That the coal consumption of this plant when producing 100 tons of ice per 24 hours will be not less than a ratio of 16 tons of ice per ton of 14,000 b. t. u. coal burned, based on the guaranteed boiler evaporation of 9 pounds of water per pound of coal with 185 pounds of steam 160 degrees superheat at boiler.

The guaranty of quality of ice was based on water being taken from well known as No. 3 which had been tested.

The contract further provided that the machinery should be furnished and the plant be "ready for charging" on or about March 15, 1916 (erroneously stated as 1915), provided the defendant had performed within the time specified therefor all the agreements set forth in the specifications accompanying said contract to be by it performed; in event of defendant's default, the time for completion should be correspondingly extended.

There was a dispute as to whether the defendant did so perform; but by mutual consent the time for performance was waived, the plaintiff adjusting the defendant's plant to continue making ice meanwhile. The plaintiff presented a proposed written agreement for such extension, but the defendant by resolution of its board of directors refused to accept or sign the same.

Many demands were made by defendant of the plaintiff during the time when the work of furnishing the machinery and placing it in the plant was in progress. These demands appear in the main to have been complied with.

The contract also provided that when the plant was ready for charging the plaintiff should furnish a written notice to defendant of that fact, and that if for a period of 30 days after the plant so furnished was erected ready to charge the defendant should fail to notify the plaintiff in writing of any claim that the said machinery, apparatus, or plant as furnished did not fulfill the terms and requirements of the contract, specifying in what particular or particulars it failed, this should in itself be considered an acknowledgment by the purchaser that the said machinery, apparatus, or plant as furnished did fulfill the said terms and requirements, and should constitute a complete acceptance of the same as fulfilling all the terms and requirements of the contract.

If such notice of failure was given within said 30 days, the plaintiff was to remedy any such defects.

If the parties disagreed as to the same, then the plaintiff had the privilege to elect, on 30 days' notice of its intention so to do, to remove its machinery and refund any purchase money paid which

would operate as a full and complete settlement between said parties of all claims under said contract.

On June 5, 1917, said plaintiff served on the defendant a written notice, dated June 1st, stating that the plant was erected ready to charge in accordance with said contract.

The contract provided that plaintiff's engineer should remain with the plant for 15 days from the date the plant was ready to charge in order to instruct the defendant's men and make needed adjustments, C. Munger remained, as such engineer, until June 28th.

On July 6, 1917, the plaintiff, not having heard anything from defendant in reply to its notice dated June 1st, wrote calling attention to its completion of the contract, the nonpayment of the portion of the purchase money due, and declared the entire price of the machinery furnished due under the terms of the contract.

The defendant pleaded in answer to the suit:

(a) The delay in the completion of the contract from March 15, 1916, until the present time.

(b) The failure to furnish machinery as specified in said contract.

(c) The failure of the plant to produce 16 tons of ice to one ton of coal, 14,000 b. t. u., and the failure of the plant to produce 100 tons of merchantable ice in 24 hours' continuous operation.

Two amendments to said answer were offered, which the court refused to allow.

The court excluded all testimony offered to show that the plant did not comply in all respects with the contract and did not fulfill its terms and requirements, on the ground that defendant, having failed to give notice of such claim of defects and failures within 30 days after receiving notice that the plant was erected ready to charge, had under the terms of the contract accepted said plant as fully complying with said contract and its guaranties and could not thereafter attack the same.

He admitted the evidence tendered as to the delay in completion after March 15, 1916, and the claim for damages therefor.

[1] Both plaintiff and defendant requested the court to direct a verdict in its favor. The court directed a verdict for the plaintiff. If there is any evidence to support the verdict, unless some error of law is shown, the judgment of the District Court must be affirmed. Bradley Timber Co. v. White, 121 Fed. 779, 784, 58 C. C. A. 55; City of Colorado v. Harrison, 228 Fed. 894, 143 C. C. A. 292; Lockhart v. Tri-State Loan & Trust Co. (C. C. A.) 268 Fed. 523; Beuttell v. Magone, 157 U. S. 154, 15 Sup. Ct. 566, 39 L. Ed. 654; Sena v. American Co., 220 U. S. 497, 31 Sup. Ct. 488, 55 L. Ed. 559.

[2] The main question in the case is: Was the court correct in its ruling as to the effect of the failure of the defendant to point out in writing within 30 days after receipt of notice that the plant was erected ready to charge, wherein the machinery, apparatus, and plant failed to fulfill the terms and requirements of the contract?

Construing together the clause of the contract requiring written notice to be given to the purchaser of the time when the plant is ready for charging, and the provision that if for a period of 30 days after

such plant is erected ready to charge the purchaser shall fail to notify the seller in writing of his claim that the same does not fulfill the terms and requirements of the contract, specifying wherein it does so fail, we hold that the contract requires that such notice shall be given by the purchaser within 30 days from the time when it receives the written notice aforesaid, and that the failure to give such notice within said 30 days constituted a complete acceptance of said machinery, apparatus, and plant as fulfilling all of said terms and requirements. We cannot assent to the construction insisted on by the defendant that the plant must in point of fact be completed ready for charging in accordance with the contract before the 30 days for such notice that it does not comply therewith begins to run, for the reason that if it did in fact so comply there would be no occasion for such notice.

Further construing this contract, we think that the requirement of it that the plant will produce 100 tons of ice on a 24-hour continuous run, and will make at least 16 tons of ice to one ton of coal, 14,000 b. t. u., upon the conditions named in such warranty, is conditioned by the requirement that any claim that it does not fulfill the requirements of such guaranty shall not be open to the purchaser unless he makes the same within 30 days from the time when he receives notice that the plant is erected ready for charging. The law is well laid down by the Supreme Court of Georgia, as follows:

Where, in a sale of machinery, there is an express warranty as to quality, and by the terms of the warranty liability of the seller is predicated upon conditions which must be performed by the buyer before liability upon the part of the seller is to attach, such as that the buyer is to take the property on trial for a specified time, and, upon its failure to fulfill the warranty, give written notice at once to the seller at a designated place, and also to the agent of the seller through whom the property was received, stating in what parts and wherein the property fails to fulfill the warranty, the seller will not be held liable on the warranty unless the buyer complies with such conditions." Brooks Bros. Lumber Co. v. Case Threshing Machine Co., 136 Ga. 754, 755, 72 S. E. 40.

To the same effect, also, Mayes v. McCormick Machine Co., 110 Ga. 545, 35 S. E. 714; International Harvester Co. v. Dillon, 126 Ga. 672, 55 S. E. 1034; Walker & Rogers v. Malsby Co., 134 Ga. 399, 67 S. E. 1039; Cuthbert Ice Co. v. York Mfg. Co., 20 Ga. App. 695, 696, 93 S. E. 279.

The court did not err in excluding the evidence offered that the written notice given by the plaintiff to the defendant that the plant was erected ready for charging was in any way withdrawn by Munger, there being no evidence in the record of any authority on the part of Munger to withdraw the same and the evidence in the record showing that the defendant had expressly been put on notice by the plaintiff, previously, that none of its subordinates employed on the work had any authority to change any of the provisions of the contract.

In regard to the testimony excluded by the court, the testimony of each witness was offered as a whole. The burden of the testimony of each witness objected to bore mainly upon the question whether the plant as completed complied with the contract, and its exclu-

sion was proper under the ruling of the court that the failure of defendant to give written notice, within 30 days after being notified of its erection ready for charging, of the failure of said plant, debarred this defense. If there were any portions of the testimony which may have been admissible on other issues, they were not separately offered, after the court had excluded the testimony as a whole upon the ground above stated, and no error is assigned except upon the exclusion of said testimony as an entirety.

[3] It is not perceived wherein the failure of the court to allow the defendant to amend its answer operated to exclude it from fully proving any defense to which it was entitled under the above ruling. Each defense relied on was set up in the answer as originally filed. The allowance of amendments to pleadings in the United States courts is governed by the federal statute (Rev. St. § 954; U. S. Comp. St. § 1591; Mexican Central Rwy. Co. v. Duthie, 189 U. S. 76, 78, 23 Sup. Ct. 610, 47 L. Ed. 715), and is largely a matter of discretion which will not be usually controlled (Mexican Central Rwy. Co. v. Pinkney, 149 U. S. 194, 201, 13 Sup. Ct. 859, 37 L. Ed. 699; Chapman v. Barney, 129 U. S. 677, 681, 9 Sup. Ct. 426, 32 L. Ed. 800).

It cannot be said that on the questions of fact raised by the remaining pleadings there was no evidence which would sustain a finding that there had been an implied agreement extending the time for the completion of the contract on the condition of plaintiff doing the work necessary to allow the manufacture of raw-water ice during the intervening period with defendant's plant as then constituted, and also that there was some evidence that plaintiff had not suffered pecuniary damage. As the court was requested by both parties to direct a verdict in the case, under the above authorities, his direction thereof in favor of the plaintiff is not subject to review, no error of law appearing.

The judgment of the District Court is therefore affirmed.