27520. NEON LIGHTS ADVERTISING CO. *v.* BRIGGS.

DECIDED MAY 24, 1939.

*Langdale, Smith & Tillman,* for plaintiff.

SUTTON, J. Neon Lights Advertising Company brought suit against Hazel B. Briggs for the balance due on a promissory note. The defendant answered, admitting that the balance due had not been paid, but set up a plea of total failure of consideration, alleging that the note was given for the purchase of a certain Neon light sign, that there was no other consideration for the note, and

that the sign was worthless and unsuited for the purpose intended and was defective in a number of respects.

The case was, by agreement of counsel, tried before the judge of the court without the aid of a jury. The defendant admitted a prima facie case and assumed the burden of proof. The evidence was substantially as follows: The plaintiff, under a title-retention contract, sold to the defendant a certain described Neon light sign, which contract recited, among other things: "It is understood that the sign or signs are of special construction, and made solely for the use and purpose of the purchaser; therefore this contract is not subject to cancellation, and all complaints shall be made within five days after the erection or delivery, and unless made within said time said sign or signs shall be considered as satisfactory and according to specifications." The sign was properly erected at defendant's place of business on July 22, 1936, but from the beginning never operated satisfactorily, being defective in that the center portion of the sign, which was supposed to flash on and off, did not function, and part of the time various portions of the sign would not work or light at all, and the defendant contended that it was a poor advertisement of her business and damaged rather than helped it. On December 20, 1936, the Electric Supply Company, at the instance of the seller, installed a new flasher in the sign. The defendant admitted that she never orally or in writing complained to the plaintiff of the defective condition or poor operation of the sign until a short time after the installation of such new flasher, when she did complain to a representative of the plaintiff.

The court rendered judgment in favor of the defendant, and by direct bill of exceptions error is assigned thereon.

■ Where, as in the present case, the plaintiff sold to the defendant a Neon light sign under a title-retention contract which provided, among other things, that "It is understood that the sign or signs are of special construction, and made solely for the use and purpose of the purchaser; therefore this contract is not subject to cancellation, and all complaints shall be made within five days after the erection or delivery, and unless made within said time said sign or signs shall be considered as satisfactory and according to specifications," and the defendant admitted a prima facie case on the trial of the suit which was brought to recover

the balance due on a promissory note given for the purchase-price of the sign, and assumed the burden of proof under a plea of total failure of consideration, in that the sign was defective in certain respects and never operated satisfactorily, and introduced evidence accordingly, but admitted that she had never made any complaint to the seller within the time specified in the contract, the making of a complaint within the time agreed upon in the contract was a condition precedent to the right of the defendant to rely on the warranty of the plaintiff, and in the absence thereof the defendant is precluded from defending on the ground that the article was not satisfactory and according to specifications. *City of Moultrie* v. *Schofield's Sons Co.*, 6 *Ga. App.* 464, 469 (65 S. E. 315); *Robinson* v. *Woodruff Machinery Mfg. Co.*, 23 *Ga. App.* 426 (98 S. E. 405); *Carter* v. *Yates-American Machine Co.*, 42 *Ga. App.* 631 (157 S. E. 263); *International Harvester Co.* v. *Dillon*, 126 *Ga.* 672 (55 S. E. 1034); *Brooks Lumber Co.* v. *Case Threshing Machine Co.*, 136 *Ga.* 754 (72 S. E. 40). The contention of the defendant that the pleadings and evidence do not negative the idea that the defect in the sign might have been latent, and that it would be unreasonable to so apply the authorities cited and others similar as to require the defendant to give notice of the deficiency of the sign within the time specified in the contract, is without merit, for the reason that it appears without contradiction that before the expiration of the time provided for making complaint it was obvious to the defendant that the sign was not operating properly.

■ The voluntary undertaking by the seller, after the expiration of the time in which complaints were to be made by the buyer in case the article did not prove satisfactory, and without any consideration, to repair the sign in such a way as to make good the warranty, did not amount to a waiver of its right to insist upon the complaints being made in the time specified in the contract. *Carter* v. *Yates-American Machine Co.*, supra.

3. Under the law and the evidence the judge, before whom the case was tried without the aid of a jury, erred in rendering judgment in favor of the defendant.

*Judgment reversed.* *Stephens, P. J., and Felton, J., concur.*