37254. CHRISTIE *v.* THOMASVILLE SALES COMPANY.

DECIDED SEPTEMBER 16, 1958.

*Altman & Johnson, Charles F. Johnson,* for plaintiff in error.
*E. P. McCollum,* contra.

NICHOLS, Judge. The plaintiff's petition as finally amended alleged in substance, as to material facts, the following: On

June 4, 1956, the plaintiff purchased a new Ford convertible automobile from the defendant who was an authorized dealer selling Ford automobiles manufactured by the Ford Motor Company on such date, and that delivery of such automobile was made on such date. "That within 90 days from the purchase and delivery date and before the said automobile had been driven or operated a distance of 4,000 miles, petitioner noticed that while the said automobile was standing in the rain, with all of the windows and doors closed, large quantities of water several inches deep would accumulate in the front and rear floor boards of the said automobile and this defect was repeatedly called to the attention of the defendant, Thomasville Sales Company, within the warranty period, and no action was taken by the said defendant which would correct said serious defect, and said floor boards have become and are now rusty, weak, unsightly and said condition rendered said automobile unusable until the water was dipped out and the floor boards mopped dry. . . That petitioner has repeatedly requested the defendant to correct the aforementioned defect, but it has consistently failed to do so." The price paid the defendant for the automobile and its actual market value were alleged. The plaintiff sued for the difference. Attached as an exhibit to the petition and made a part thereof was a copy of the Authorized Ford Dealer's Service Policy and Dealer Warranty sued on. This exhibit read in part as follows: "Should the replacement of any part become necessary under the warranty, we, the selling dealer, will make the replacement without charge to you for the part or labor required to replace the part. To obtain this service, you must bring your vehicle back to us before the warranty period expires. . . Dealer warrants to purchaser (except as hereinafter provided) each part of each Ford Motor Company product sold by dealer to purchaser to be free under normal use and service from defects in material and workmanship until such product has been driven, used or operated for a distance of four thousand (4,000) miles or for a period of ninety (90) days from the date of delivery to purchaser, whichever event first shall occur. . . Dealer's obligation under this warranty is limited to replacement of, at dealer's location, or credit for, such parts as shall be returned

to dealer with transportation charges prepaid and as shall be acknowledged by dealer to be defective. . . This warranty is expressly in lieu of all other warranties, express or implied, and of all other obligations or liabilities on the part of dealer, except such obligation or liability as dealer may assume by its authorized Ford Dealer's Service Policy or separate written instrument."

1. Where a sale of personal property is made under an express warranty as to quality, there is no implied warranty. See Code § 96-301; *Brooks Bros. Lumber Co.* v. *Case Threshing Machine Co.*, 136 *Ga.* 754 (1) (72 S. E. 40), and citations. Where, in order to hold the seller liable under an express warranty certain actions by the purchaser are necessary, the seller is not liable under the warranty unless the buyer complies with such conditions or the seller waives compliance. See *Lewis* v. *Dickenson*, 25 *Ga. App.* 354 (2) (103 S. E. 195); *International Harvester Co.* v. *Dillon*, 126 *Ga.* 672 (55 S. E. 1034); *Oliver Farm Equipment Sales Co.* v. *Neely*, 50 *Ga. App.* 231 (177 S. E. 606).

The plaintiff's petition alleged that the "defect" was repeatedly called to the attention of the defendant. However, it does not allege that the plaintiff complied with the terms of the warranty to deliver the vehicle to the defendant for the corrections to be made, nor does the petition, as finally amended, allege any action on the part of the defendant that would constitute a waiver on the part of the defendant to the performance by the plaintiff of his duties under the warranty. See *Shanks* v. *Cowart*, 48 *Ga. App.* 30 (171 S. E. 774). Therefore the petition failed to set forth a cause of action against the defendant and the trial court did not err in sustaining the defendant's general demurrers to the plaintiff's petition.

2. Inasmuch as the judgment sustaining the defendant's general demurrers must be affirmed, the question presented as to whether the plaintiff alleged the correct measure of damages, as against special demurrer, is moot and will not be passed upon.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*