46219.   GENERAL MOTORS CORPORATION v. HALCO INSTRUMENTS, INC.

ARGUED MAY 10, 1971—DECIDED OCTOBER 20, 1971.

*King & Spalding, R. Byron Attridge, Charles M. Shaffer, Jr.,* for appellant.

*Peek, Whaley & Haldi, J. Robert Hardcastle,* for appellee.

EBERHARDT, Judge. 1. It is obvious that there is no coverage under the terms of the express warranty which was issued to the original purchaser, Mr. Ellis, and which was subsequently transferred to appellant. By its own terms it excludes coverage as to all items complained about after the vehicle was driven 12,000 miles.

2. When appellant applied for a transfer of the warranty, and subsequently received and accepted the Protect-O-Plate for use in obtaining warranty work, it became bound by the warranty terms and provisions. That it did not have or receive a copy of the warranty does not alter this conclusion. We must assume that when application for transfer was made the applicant knew what it was applying for. If it did not, it was incumbent upon it to seek and obtain a copy of it from General Motors, or from the dealer through whom the application for transfer was handled. When the application was accepted by General Motors and the Protect-O-

Plate issued and delivered, Halco got exactly what it had applied for; it became substituted for Mr. Ellis as the party to whom the warranty had been issued when the car was sold, and entitled to the service and repairs or replacements which the warranty provides to a second purchaser.

The undisputed testimony is that there is only one form of warranty issued by General Motors to the purchasers of its cars, and that the warranty issued to Ellis and subsequently transferred to Halco was on that form.

The application itself provided: "Your application for *transfer of warranty* will be reviewed by Oldsmobile Division and, if in order, you will receive a Protect-O-Plate bearing your name. If transfer of warranty is denied, you will be informed by your dealer." Thus Halco cannot contend that it sought other than a *transfer* of the Ellis warranty. It admits having received the Protect-O-Plate. Since the warranty provided that it should be kept in the car at all times and provided information to a second purchaser as to what his rights thereunder might be and how to obtain a transfer, it was reasonable to assume that Halco received the original of the warranty when it purchased the car. If that were not the case, it should have asked for another when arranging for the transfer. Cf. *Security Life Ins. &c. Co. v. Gober*, 50 Ga. 404; *Hart v. Waldo*, 117 Ga. 590, 595 (43 SE 998).

The application for *transfer* did not contemplate and did not constitute an application for the issuance of a new or different warranty.

3. By its terms the express warranty excluded all implied warranties. It fully complies with the requirements of the Uniform Commercial Code, as found in *Code Ann.* § 109A-2—316 (2). *Brown v. Chrysler Corp.*, 112 Ga. App. 22 (143 SE2d 575). See also *Christie v. Thomasville Sales Co.*, 98 Ga. App. 151 (105 SE2d 254). The transferee under it could receive no higher or greater rights than were held by the party to whom it was originally issued. Cf. *Algernon Blair, Inc. v. National Surety Corp.*, 222 Ga. 672 (151 SE2d 724). Consequently, plaintiff was in no position to urge breach of an implied warranty or to seek recovery therefor.

4. Even if an implied warranty were not excluded by the terms of the express warranty there could be no recovery by Halco be-

cause of a lack of privity between it and General Motors. *Wood v. Hub Motor Co.,* 110 Ga. App. 101 (137 SE2d 674); *R. H. Macy & Co. v. Vest,* 111 Ga. App. 85 (140 SE2d 491); Whitaker v. Harvell-Kilgore Corp., 424 F2d 549 (5 Cir.); Brooks v. Eastern Air Lines, Inc., 253 FSupp. 119 (N.D. Ga.). Since neither General Motors nor its authorized dealer sold the car to Halco, it is not a party to whom an implied warranty is extended by the terms of *Code Ann.* § 109A-2—318. See Whitaker v. Harvell-Kilgore Corp., 418 F2d 1010 (5 Cir.), s.c. 424 F2d 549.

5. When goods are sold by an original purchaser to a third party as used or second-hand goods, there is, of course, no implied warranty with respect to the manufacturer or original seller. Even with respect to the original purchaser or second seller, absent special circumstances, "the rule is that there is no implied warranty as to the condition, fitness or quality of the article." Keating v. DeArment, 193 S. 2d 694, 696 (Fla. App.). Accord: Smith v. Mooers, 206 Va. 307 (142 SE2d 473); Yanish v. Fernandez, 156 Colo. 225 (397 P2d 881); Norvell-Wilder Supply Co. v. Richardson, 300 S. W. 2d 773 (Tex. Civ. App.); Driver v. Snow, 245 N. C. 223 (95 SE2d 519); Kilborn v. Henderson, 37 Ala. App. 173 (65 S2d 533).

6. If there were an applicable express or implied warranty as to the matters about which complaint was made and as to which General Motors offered to make correction without charge to Halco, its right to recover therefor is defeated by Halco's failure or refusal to make the car available for the work to be done. *Ford Motor Co. v. Gunn,* 123 Ga. App. 550 (1) (181 SE2d 694); *International Harvester Co. v. Dillon,* 126 Ga. 672 (55 SE 1034); *Mayes v. McCormick Harvesting Machine Co.,* 110 Ga. 545 (35 SE 714); *Christie v. Thomasville Sales Co.,* 98 Ga. App. 151, supra; *Davis v. Pontiac Motors Div. GMC.,* 120 Ga. App. 443 (170 SE2d 872); Lilley v. Manning Motor Co., 262 N. C. 468 (137 SE2d 847).

Defendant has clearly demonstrated that plaintiff is not entitled to recover under either an express or an implied warranty, and it was error to deny its motion for summary judgment.

*Judgment reversed. Jordan, P. J., and Hall, P. J., concur. Whitman J., not participating because of illness.*