ENSLEN v. MECHANICS & METALS NAT. BANK OF CITY OF NEW YORK.*

(Circuit Court of Appeals, Fifth Circuit. January 31, 1919.)

No. 3174.

1. BILLS AND NOTES ☞360—BONA FIDE PURCHASER—RENEWALS.

A bank, which in the usual course of business discounted a note made payable to the maker and indorsed by him, has the rights of an innocent purchaser for value with respect to a note taken in renewal and payable to itself.

2. BILLS AND NOTES ☞354—BONA FIDE PURCHASERS—PURCHASE FOR LESS THAN FACE VALUE.

The rule which protects a bona fide holder for value of commercial paper from defenses or equities that might be good as between the original parties does not require that he shall have paid face value for it.

3. BILLS AND NOTES ☞113—DEFENSES—ESTOPPEL

A maker of a negotiable note payable to his order, who indorses and gives it to another to be discounted at a bank, which is done, and afterwards renews it by giving a new note to the bank and taking up the old, is estopped to set up, as against the renewal note, the defense of fraudulent representations by the person to whom the original note was intrusted for discount.

In Error to the District Court of the United States for the Southern Division of the Northern District of Alabama; William I. Grubb, Judge.

Action at law by the Mechanics & Metals National Bank of the City of New York against D. W. Enslen. Judgment for plaintiff, and defendant brings error. Affirmed.

Forney Johnston and W. R. C. Cocke, both of Birmingham, Ala., for plaintiff in error.

Edward H. Cabaniss, of Birmingham, Ala., for defendant in error.

Before WALKER, Circuit Judge, and BEVERLY D. EVANS, District Judge.

BEVERLY D. EVANS, District Judge. In an action on a note against the maker, by the payee, the court gave a peremptory instruction to the jury to return a verdict for the plaintiff for its face value. The defendant took a writ of error.

The complaint on the note was in the short statutory form authorized by the Code of the state of Alabama. The defendant pleaded the general issue, with leave by agreement of counsel to introduce evidence as to all matters of special defense as fully and completely as if all legal defenses to the action were well and specially pleaded.

On the trial the plaintiff introduced in evidence the note, which was for $34,500 principal sum, payable to plaintiff, dated February 2, 1916, due six months after date, with 6 per cent. interest from date. On the back of the note was an indorsement and guaranty of payment by A. E. Jackson. Thereupon the defendant offered evidence tending to show that the note was executed and delivered under substantially

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 249 U. S. —, 39 Sup. Ct. 391, 63 L. Ed. —.

these circumstances: The Jefferson County Savings Bank had failed, with large liabilities. Certain persons, including A. E. Jackson, undertook to form a new bank, which was to assume the liabilities of the defunct bank by taking over its assets and by providing additional funds. This new bank was called the Jefferson County Bank. Among the subscribers to the new bank was E. F. Enslen, who had been identified for many years with the defunct bank, and his wife. The plan of reorganization contemplated that the promoters of the new bank were to take a certain amount of stock, payable partly in cash and partly by note. For convenience the stock in the new bank was issued originally in the name of A. E. Jackson, but very soon thereafter the certificates of stock were issued to the individual subscribers, who had given their notes. One of these subscribers was Mrs. Enslen. She paid for the stock a certain amount of money, and executed and delivered her note for the balance to A. E. Jackson. This note included interest from date at 6 per cent., and was made payable to her own order and indorsed by her. Jackson discounted the note with the Mechanics & Metals National Bank of the City of New York at 5 per cent., and the net proceeds was credited to the Jefferson County Bank, and afterwards checked out by that bank. The rate of discount was 5 per cent., and the discounting bank accounted to the Jefferson County Bank (or possibly its organization committee) for the difference between the discount and interest rate. Just before its maturity the note was sent to the Jefferson County Bank, and was renewed by Mrs. Enslen's executing the note in suit and delivering it to A. E. Jackson, who entered thereon his indorsement and guaranty of payment and sent same to the plaintiff.

[1] Under the evidence it is clear that the note in suit is a renewal of the note of Mrs. Enslen, payable to her order and indorsed by her, and discounted to the plaintiff. The right of the plaintiff to recover is that of an indorsee.

The trial court entertained the opinion that under the evidence the plaintiff sustained the relation of a bona fide holder for value, and the defendant was cut off from showing any defense she might have to the note. The plaintiff in error insists that the evidence affords an inference that the plaintiff bank was the original holder of the original note, and that Jackson was its agent or joint adventurer in the organization of the new bank, the stock subscription to which furnished the consideration of the note. We do not think such inferences are deducible from the evidence. The evidence presented a transaction not infrequent in commercial annals. Certain persons were desirous of reorganizing a bank from the assets of one which had just failed. Additional capital was necessary, and the subscribers to stock in the new bank made and delivered their notes for their stock subscriptions. These notes were indorsed by the subscribers and discounted with a bank, and the net proceeds credited to the newly organized bank and used by it.

[2] The fact that the rate of discount was less than the interest rate, and this difference was credited to the newly organized bank or its promoters, does not deprive the discounting bank of its char-

acter as an innocent purchaser for value. If this difference was paid to the newly organized bank, the stockholder got the benefit of his share of it. If paid to the organizers, who had indorsed the note, it is no hurt to the maker that the organizer who had indorsed the note may have received something for his indorsement. The rule which protects a bona fide holder for value of commercial paper against defenses or equities, that might be good as between the original parties, does not require that the holder shall have paid the face value of the paper, and where the evidence affirmatively shows that an indorsee in fact purchased it for value, in an action by him against the maker he is entitled to stand on the footing of a holder in good faith. King v. Doane, 139 U. S. 166, 11 Sup. Ct. 465, 35 L. Ed. 84.

The rulings on evidence to which exception is taken are without merit. The court confined the evidence to the transaction in issue. The excluded testimony relating to the payment of the difference between the interest rate of the note and the rate of discount would not have changed the character of the transaction.

[3] But, aside from this the defendant is estopped from attacking the consideration of the note. With knowledge of the facts relied on as a defense, she executed the renewal note in suit, and thereby waived such defenses. A maker of a negotiable note, payable to his order, who indorses it and gives it to another, to be discounted at a bank, which is done, and afterwards obtains a renewal of it, with extension of time of payment, by giving a new note and taking up the old, is estopped as against the bank to set up as against the renewed note the defense of failure of consideration on account of alleged fraudulent representations made to the maker by the person with whom she intrusted her note to be discounted, and especially so when the maker had knowledge of the facts when the renewal note was given. Hunter v. Lanius, 82 Tex. 677, 18 S. W. 201; Padgett v. Lewis, 54 Fla. 177, 45 South. 29; Riggins v. Boyd Manufacturing Co., 123 Ga. 232, 51 S. E. 434.

Judgment affirmed.