### MOHAWK OIL CORPORATION et al. v. SIMPSON et al.

(Circuit Court of Appeals, Fifth Circuit. November 28, 1922.)

### No. 3786.

1. **Appeal and error** ⊙⟹997(3)—**Facts not reviewable when verdict is directed after motions by both parties.**

   Where each party requests a directed verdict in his favor, it is a consent to finding of necessary facts by the court, and unless the ruling was wrong as matter of law the judgment must stand.

2. **Estoppel** ⊙⟹78(4)—**Party assuming payment of note for full consideration received cannot question validity.**

   A corporation which assumed payment of certain notes as part consideration for property purchased by it cannot question their validity.

⊙⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Bills and notes ⊜⇒113—Agreement to waive defenses in consideration of extension held binding.**
    An agreement by defendants, who were obligated to pay certain notes, to waive any defenses thereto in consideration of an extension of time, *held* valid and binding.

In Error to the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

Action at law by W. H. Simpson and others against the Mohawk Oil Corporation and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

Stanley Boykin, of Fort Worth, Tex., for plaintiffs in error.

George Thompson, Jr., of Fort Worth, Tex. (Thompson, Barwise, Wharton & Hiner, of Fort Worth, Tex., on the brief), for defendants in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. The Monitor Oil Company, a common-law trust, executed two promissory notes, dated December 13, 1919, to R. B. Pruitt, trustee, aggregating $14,000. By a contract of even date the Monitor Company transferred all of its assets to J. D. Hawk, acting as trustee for a corporation to be and thereafter formed, known as Mohawk Oil Corporation. One of the considerations for the execution of said conveyance to Hawk, trustee, is recited to be the payment of said two notes. The assets appear to have been transferred to said corporation when formed.

The notes not having been paid at maturity, and the holders thereof pressing for payment, an agreement was entered into on July 1, 1920, by the holders thereof and said corporation and certain persons then guaranteeing said notes, wherein the transfer of said assets of said common-law trust to said corporation by said Hawks, trustee, is recited, and that in said transfer said Mohawk Corporation contracted and agreed to assume the payment of said notes, and it was agreed by the holders thereof to extend their maturity until September 29, 1920, and that the Mohawk Corporation and certain persons who then guaranteed their payment would then pay said notes, and waived any and all defenses they might have to them or any part thereof. The notes were not paid, and this suit has been brought on said agreement against said Mohawk Oil Corporation and said guarantors.

To this suit various defenses were interposed. On the trial, both plaintiffs and defendants requested the court to instruct a verdict, respectively, for them, and the court thereupon instructed a verdict for the plaintiffs for the amount appearing to be then due on said notes. The defendants bring the case to this court.

The principal defense urged is that the original notes executed by the Monitor Company were void. Questions have been raised as to the time when they were in fact executed; it being claimed that they were not executed until January 28, 1920, and were then dated December 13, 1919. It is also insisted that they were never authorized

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

by the trustee of the Monitor Company and that they were fraudulent and void.

[1] 1. Where each party requests the court to direct a verdict in its favor without qualification, as is shown by this record, there is no error in the court acting on such joint request and directing such verdict.

"As both parties moved for a ruling, and as there was nothing more, according to Beuttell v. Magone, 157 U. S. 154, it stood admitted that there was no question of fact sufficient to prevent a ruling being made, and the motions together amounted to a request that the court should find any facts necessary to make it; so that unless the ruling was wrong as matter of law the judgment must stand." Sena v. American Turquoise Co., 220 U. S. 497, 501, 31 Sup. Ct. 488, 490 (55 L. Ed. 559).

See, also, Lockhart v. Tri-State Loan Co. (C. C. A.) 268 Fed. 523; South Atlantic Packing & Provision Co. v. York Mfg. Co. (C. C. A.) 276 Fed. 509; Holbrook v. Shepard (C. C. A.) 279 Fed. 193.

[2] 2. We do not think that any questions as to the date, authorization, or validity of the notes given by the Monitor Oil Company to the plaintiffs are open to the defendants in this case. They were certainly executed before the execution of the conveyance made by the Monitor Company to Hawk, trustee, as the agreement for such conveyance recites them as a part of the indebtedness to be paid.

The Mohawk Corporation undertook to pay them as a part of the consideration for the property purchased by it, and it cannot, therefore, question their validity. Its agreement to pay them is supported by its receipt of the property of the Monitor Oil Company, and it is of no moment to the Mohawk Corporation that they might have been questioned by the Monitor Oil Company. Swann v. Wright's Ex'rs, 110 U. S. 590, 600, 4 Sup. Ct. 235, 28 L. Ed. 252; Kneeland v. Luce, 141 U. S. 491, 509, 12 Sup. Ct. 32, 35 L. Ed. 830; Central National Bank v. Hazard (C. C.) 30 Fed. 484, 486.

[3] 3. This suit is not brought on the original notes, but on the contract entered into by the defendants, agreeing to pay the amount thereof in consideration of their previous undertaking, and also of the extension of time and forbearance of the plaintiffs.

In consideration of this extension they agreed to waive any and all defenses existing to these notes or any part thereof. It is evident that one purpose of the plaintiffs in granting the extension was to secure a relinquishment by the defendants of any right to attack the debt, and the extension and forbearance were a sufficient consideration and cut off the subsequent assertion of existing defenses. Enslen v. Mechanics', etc., National Bank, 166 C. C. A. 595, 255 Fed. 527, 529; Stewart v. Simon, Ann. Cas. 1916A, 825, 827, note.

We find no error of law in the judgment of the District Court, and it is affirmed.