No. 19,433.

H. & W. Paving Co. *v.* Asphalt Paving Company.

(364 P. [2d] 185)

Decided August 21, 1961.

Messrs. Isaacson and Pfeiffer, for plaintiff in error.

Mr. F. Richard Hite, for defendant in error.

*In Department.*

Opinion by Mr. Justice Moore.

We will refer to plaintiff in error as H. & W. and to defendant in error as Asphalt.

The action was commenced in the county court of Jefferson county by Asphalt to enforce payment of the

purchase price of paving materials, consisting of hot plant mixed asphalt, base material, and certain liquid asphalt and oil, allegedly sold to H. & W. Following adverse judgment in the county court, H. & W. appealed to the district court where a trial de novo was had to the court without a jury. Judgment entered in favor of Asphalt in the amount of $1,218.12 plus interest, and H. & W. seeks review of the judgment by writ of error.

H. & W. was engaged in the paving business and had been purchasing its plant mixed asphalt, base materials, liquid asphalt and oil from Hehl Engineering Company. In June of 1955 Asphalt purchased the business of Hehl and became the supplier of materials to defendant. On August 31, 1956, Asphalt and H. & W. reduced to writing their agreement governing the buying and selling of the materials.

The contract so entered into provides that H. & W. was to purchase all its materials (therein listed) from Asphalt for a period of five years at the prices therein stated; the prices prescribed being subject to change in direct proportion to Asphalt's increase or decrease in its cost of labor and material. If Asphalt desired to increase the prices for a given year it was required to notify H. & W. in writing of the increase prior to February 1 of the year in question, setting forth the grounds upon which the increase was based. If Asphalt failed to so notify H. & W. the prices would remain the same.

Prior to 1957 Asphalt had but one asphalt plant. The machine was capable of making different size hot plant mixed asphalt, but to do so the screens had to be changed and this required a day's time. In the year 1957 Asphalt was charged a higher price for its MC and RC oils and it also purchased a new asphalt plant. The new plant was capable of producing all sizes of hot plant mixed asphalt without the loss of time, and was more efficient.

There was no dispute concerning the foregoing facts. The evidence was conflicting in only one particular, namely, whether the written contract concerning the

price to be paid by H. & W. for materials purchased had been changed by a subsequent parol agreement resulting in increased prices to be paid by the purchaser. It is not contended by Asphalt that the provision of the written contract governing increase in prices was followed, the pertinent language of which is as follows:

" * * * In the event that Seller desires to increase the price of the above products, it shall be necessary that he notify the Purchaser in writing on or before the 1st day of February of any year in which he wishes such increase to be effective, advising the Purchaser of the grounds for such increase and of the specific increases in material or labor charge which justify the same."

■ It is admitted that none of the conditions, upon which the right to increase prices depended under the written agreement, were performed by Asphalt, but it is contended that by subsequent oral "agreement" a change in the price was consented to by H. & W. Accepting for the purpose of argument all of the evidence offered by Asphalt to establish that H. & W. "agreed" to pay an increased price notwithstanding the written contract, such agreement is not enforcible for the reason that there is no consideration whatever to support the promise or give it validity. Numerous authorities might be cited in support of the proposition that in order to avoid the duties imposed by the terms of a written contract through a subsequent parol agreement, the latter must be supported by an adequate consideration moving to the party who would otherwise be entitled to enforce the written agreement. We mention but one — *Leonard v. Hallett,* 57 Colo. 274, 141 Pac. 481, from which we quote the following:

" * * * The general rule is that a naked promise to release a party to a contract from performance of that which he is already under obligation to perform by its terms, is not a valid consideration; for if the promisor [H. & W.] gets nothing in return for his promise he has not obtained any benefit as a result of his promise. * * * "

Here, the evidence considered in the light most favorable to Asphalt tends to establish no more than a "naked promise" (either express or implied depending upon how much of the testimony is fully accepted) on the part of H. & W. to pay more than the written contract called for. They had a right to a continuation of the prices paid by them throughout 1956 in the absence of compliance with the conditions relating to a change. Admittedly these conditions were ignored. If H. & W. promised to pay more, such a promise, unless supported by consideration, cannot be enforced.

Other points urged as grounds for reversal have merit; however, no good purpose would be served in discussing additional reasons why the judgment must be reversed, since the additional grounds would only lengthen this opinion and they present nothing novel or of special interest to the bench or bar.

The judgment is reversed and the cause remanded with directions to dismiss the action.

MR. CHIEF JUSTICE HALL and MR. JUSTICE DOYLE concur.