No. 20526.

NATHAN YANISH, D/B/A KING MOTOR SALES AND KING CAR COMPANY, *v.* CLAUDE E. FERNANDEZ.
(397 P.2d 881)

Decided January 4, 1965.    Rehearing denied January 18, 1965.

226

Ben Klein, for plaintiff in error.

Gorsuch, Kirgis, Campbell, Walter and Grover, Dwight D. Murphey, for defendant in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

We will refer to the plaintiff in error as the defendant and to the defendant in error as plaintiff as they appeared in the trial court.

The original complaint in this action was filed in the County Court of Arapahoe County, resulting in a judgment in favor of the plaintiff. On appeal to the District Court of said county, there was a trial de novo to the court, which entered findings of fact and conclusions of law in favor of plaintiff's claim. Judgment was entered against the defendant in the sum of $717.50. The filing of a motion for new trial was dispensed with, and this writ of error is directed to the judgment of the District Court.

The complaint contained two claims. In the first claim

plaintiff alleges that he entered into a contract with the defendant for the purchase of a 1954 Pontiac automobile for which he paid $808.00 including fees and handling charges and for which amount he was obligated to pay third parties for sums advanced to finance the purchase. The plaintiff then alleges that after taking possession of the automobile he found it to be entirely unworkable due to severe mechanical defects; that he was not able to use the automobile for ordinary passenger-travel purposes for which he purchased it, or for any other purpose.

He further alleges that as to the contract of purchase there has been a substantial failure of consideration from the defendant to the plaintiff; and that within a reasonable time after the purchase, plaintiff notified defendant of his unequivocal intention to rescind the sale and unconditionally offered to return the automobile to the defendant.

In another allegation in the first claim, plaintiff alleged he suffered special damages in the amount of $500.00 by reason of inconvenience and expense in being deprived of the use of the automobile.

In the second claim plaintiff seeks identical money damages on the allegation that there has been a breach, by the defendant, of an implied warranty of fitness and that the automobile was in good mechanical condition and free from defects.

The trial court did not require plaintiff to elect as to whether he was relying on rescission or on breach of implied warranty. The court elected to award damages to the plaintiff on the theory of breach of warranty by virtue of the following statement:

"The court feels as a matter of law that this time the defendant waived any argument that he now presents to this court that the sale was 'as is' contract and if that was his position, he should have refused to initially take the car back and do any work on it to accommodate the

plaintiff in any respect. The court hereby rules that after the defendant effected the first repairs at the S&J Garage at the cost of $60.00, and returned the car to the plaintiff, that there was an implied warranty in full force and effect to the extent that the car had been repaired; that there was no other mechanical trouble."

■ We hold that the court was in error in finding an implied warranty in the contract and a breach thereof. There was no evidence to support the ruling of the trial court. The evidence is undisputed that the written contract between the parties contained the following specific language: "The car is sold as is. No warranty."

■ Because no warranty was made, either expressed or implied, it was error for the court to supply a warranty merely because the defendant undertook to repair a defect found in the car after it had been driven for several days by the plaintiff. This court has held that in the sale of secondhand automobiles or machinery there is no implied warranty. *Moore v. Switzer,* 78 Colo. 63, 239 Pac. 874; *Elliott v. Parr,* 100 Colo. 204, 66 P.2d 819. The provision that the buyer takes the article in the condition in which it is or, in other words, "as is" prevents the representations of the seller, even though relied upon by the buyer, from constituting express or implied warranties. 46 Am. Jur. Sales, sections 319, 333, 334; 34 A.L.R. 541; 43 A.L.R. 648.

Because the court did not enter its judgment based on the claim of rescission, no good purpose would be served in discussing the various deficiencies in the evidence, which precluded the plaintiff from obtaining relief upon that theory.

The judgment is reversed and the cause remanded to the trial court to vacate the judgment and dismiss the complaint.

Mr. Justice Pringle not participating.