425 P.2d 160

Marion E. TIBBITTS, and Rose Wheel-
wright Tibbitts, Plaintiffs
and Respondents,

v.

Rhuel O. OPENSHAW and Darlene O. Open-
shaw, Defendants and Appellants.

No. 10512.

Supreme Court of Utah.

March 16, 1967.

Paul M. Hansen, Ogden, for appellants.

George B. Handy, Ogden, for respond-
ents.

CALLISTER, Justice:

Respondents (Tibbitts) and appellants
(Openshaw) entered into a real estate con-
tract wherein the former agreed to sell

and the latter agreed to buy certain real property located in Riverdale City, Utah. The purchase price was $45,000, payable in specified installments. Appellants paid all but approximately $4,400 and respondents—treating the contract as a note and mortgage—brought this action. Respondents were successful in securing a judgment from which the appellants appeal.

The property involved consisted of two subdivision lots, each of which had a house thereon, and an adjacent vacant parcel. At the time of the contract the homes were new and had been constructed by Mr. Tibbitts. The appellants defended the action, and counterclaimed, contending that the respondents had committed fraud and breached implied warranties.

■ With regard to the claim of fraud, appellants contended that respondents had misrepresented the quality of the roofs and insulation of the homes and the adaptability of the vacant property for subdivision purposes. There was evidence both pro and con. However, the jury, which viewed the homes and property, specifically found, in a response to a special interrogatory, that respondents had not committed the alleged fraud. There was sufficient credible evidence to support this finding.

As to the claim of breach of implied warranties, appellants asserted that the respondents, as builder-vendors, had implied-ly warranted that (1) the homes were constructed in a good and workmanlike manner, reasonably fit for occupancy as a place of abode, with suitable and proper materials, and (2) that the homes were constructed in accordance with the local building codes.

At the close of their evidence, the court below dismissed appellants' counterclaim based upon breach of implied warranties and submitted to the jury only their defense of fraud. In dismissing the counterclaim, the court noted that, while there may be implied warranties when a person sells a house, the purchasers must complain of any breach within a reasonable time—which the appellants had failed to do. The evidence is to the effect that appellants occupied one home and rented the other for nearly three years before registering a complaint.

Furthermore, the court pointed out that the real estate contract contained the following provision:

It is hereby expressly understood and agreed by the parties hereto that the Buyer accepts the property in its present condition and that there are no representations, covenants or agreements between the parties hereto with reference to said property except as herein specifically set forth or attached hereto.

■ The court ruled that the foregoing "as is" provision was controlling because the appellants had failed to prove by clear

and convincing evidence that such was not the understanding of the parties at the time the contract was entered into. It stated, in refusing to submit to the jury a requested instruction upon breach of implied warranties that, under the circum-stances of this case, the question was moot. With this we agree.[1]

Affirmed. Costs to respondents.

CROCKETT, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

---

1. First National Bank of Elgin v. Husted, 57 Ill.App.2d 227, 205 N.E.2d 780 (1965); Yanish v. Fernandez, 156 Colo. 225, 397 P.2d 881 (1965); these two cases were based on the Uniform Commercial Code, which, of course, would not apply in the instant case, but by the process of reasoning by analogy are appropriate precedence to apply in an interpretation of the contract provision. Also see 77 C.J.S. Sales § 314, p. 1156.

Section 70A–2–316(3) (a), Utah Commercial Code,—not in effect at the time the instant contract was executed—provides: "unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like 'as is,' 'with all faults' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes it plain that there is no implied warranty."