563 P.2d 369 (1977)
Richard L. MOORE, Plaintiff-Appellant,
v.
BURT CHEVROLET, INC., Defendant-Appellee.
No. 76-012.
Colorado Court of Appeals, Div. I.
February 3, 1977.
Rehearing Denied March 3, 1977.
Certiorari Denied May 2, 1977.
William E. Tucker, Denver, for plaintiff-appellant.
Arkin & Hanlon, P. C., Michael M. McGloin, Gary C. Davenport, Denver, for defendant-appellee.
STERNBERG, Judge.
This appeal presents the question of whether the term "goods" as employed in § 4-2-102, C.R.S.1973, of the Uniform Commercial Code applies to a sale by a merchant of used, as well as new, goods. We hold that it does, and therefore reverse the judgment of the trial court.
Plaintiff, Richard Moore, purchased from defendant, Burt Chevrolet, Inc., a used 1969 Kenworth tractor-trailer for $16,000. He thereafter experienced a number of difficulties with the vehicle culminating in a crankshaft malfunction that would require an estimated $5,000 to repair.
Alleging that Burt's negligence had caused the malfunction, Moore sued Burt. At trial, the court ruled that Moore failed to demonstrate the applicability of the doctrine of res ipsa loquitur, and finding that a prima facie case of negligence had not been established, it dismissed the negligence claim. No serious contention of error is raised on this dismissal, and we affirm it.
In his suit, however, Moore also claimed that Burt had breached an implied warranty of merchantability. The court dismissed the warranty claim at the close of Moore's evidence, basing its action on Yanish v. Fernandez, 156 Colo. 225, 397 P.2d 881 (1965), where the Supreme Court said:
"[I]n the sale of secondhand automobiles or machinery there is no implied warranty."
Moore, on the other hand, relies on Wallower v. Elder, 126 Colo. 109, 247 P.2d 682 (1952), where the court, in referring to § 15 of the Uniform Sales Act, stated:
"Nothing could be clearer than that the terms of the Act are directed to the sale of all chattels. There is no exclusion of used goods in the definition of property to be covered by the Act . . .." (emphasis in original)
Yanish was decided prior to the effective date of the Uniform Commercial Code, applied common law agency principles, and thus is not determinative of the issue before us here. Wallower also was decided prior to the advent of the UCC, but, while not dispositive, it was decided under the Uniform Sales Act, the precursor of *370 Article Two of the UCC and should be accorded some weight.
In defining the scope of its applicability, the Uniform Sales Act used the term "chattels personal," C.R.S.1963, 121-1-76(9)(c), and Wallower found that term to include used goods. The Uniform Commercial Code's scope encompasses "goods," § 4-2-102, C.R.S.1973, which term is defined by § 4-2-105(1), C.R.S.1973, as including "all things . . . which are movable. . .." And, in comparing the two terms, we see no reason in logic to ascribe to the term "goods" a more restrictive meaning than given the previously used terminology in the Uniform Sales Act. Indeed, the Official Comment to § 4-2-101, C.R.S.1973, states:
"The coverage of the present Article is much more extensive than that of the old Sales Act . . .."
While the issue was not raised in Guy Martin Buick, Inc. v. Colorado Springs National Bank, 184 Colo. 166, 519 P.2d 354 (1974), the Colorado Supreme Court applied several sections of the UCC in determining conflicting claims of the parties to ownership of used automobiles. Hence, that case, by strong implication at least, supports the holding that the UCC is applicable to used as well as new goods.
Furthermore, we observe that the overwhelming weight of authority from other jurisdictions is in accordance with our holding. See, e. g., Rose v. Epley Motor Sales, 288 N.C. 53, 215 S.E.2d 573 (1975); Centennial Insurance Co. v. Vic Tanny International of Toledo, Inc., 46 Ohio App.2d 137, 346 N.E.2d 330 (1975); Overland Bond & Investment Corp. v. Howard, 9 Ill.App.3d 348, 292 N.E.2d 168 (1972); Chamberlain v. Bob Matick Chevrolet, Inc., 4 Conn.Cir. 685, 239 A.2d 42 (Cir.Ct.1967); Enix v. Diamond T. Sales & Service Co., 188 So.2d 48 (Dist. Ct.App.Fla.1966). See also Tracy v. Vinton Motors, Inc., 130 Vt. 512, 296 A.2d 269 (1972); Georgia Timberlands, Inc. v. Southern Airways Co., 125 Ga.App. 404, 188 S.E.2d 108 (1972); Regan Purchase & Sales Corp. v. Primavera, 68 Misc.2d 858, 328 N.Y.S.2d 490 (1972). Burt's reliance on General Motors v. Halco Instruments, Inc., 124 Ga.App. 630, 185 S.E.2d 619 (1971), as authority for the contention that the UCC does not apply to used goods, is misplaced. The same court, one year later stated in Georgia Timberlands, Inc. v. Southern Airways Co., supra, that:
"Since the evidence is uncontradicted that the article sold, even though a used or second-hand article, was sold by a seller who `is a merchant with respect to goods of that kind' an implied warranty of merchantability attaches to the sale under Section 109A-2-314 of the Georgia UCC . . . unless excluded or modified. . .. Nothing to the contrary was ruled in General Motors Corp. v. Halco Instruments, Inc., 124 Ga.App. 630, 635, 185 S.E.2d 619, as that case involved a sale by a purchaser from a merchant to a third party." (emphasis supplied)
Other cases relied upon by Burt are, with but one exception, pre-code decisions and therefore are not authority for the proposition that the UCC is inapplicable to used goods. Chaq Oil Co. v. Gardner Machinery Corp., 500 S.W.2d 877 (Tex.Civ.App.1973), is a post UCC case and does support Burt's position. Our research reveals, however, that Texas is the only jurisdiction to hold the UCC inapplicable to used goods. That holding has been severely criticized, Note, UCC Implied Warranty of Merchantability and Used Goods, 26 Baylor L.Rev. 630 (1974), and we find it unpersuasive.
Accordingly, on retrial, Moore is entitled to show, if he can, that the implied warranty of merchantability was breached by Burt in connection with the purchase of the $16,000 used Kenworth tractor-trailer.
We affirm the judgment of the trial court dismissing the negligence claim, but reverse the dismissal of the claim based upon breach of implied warranty of merchantability and remand the case for a new trial on that claim with the right of the parties to raise all claims and defenses pertinent thereto.
COYTE and ENOCH, JJ., concur.