George MacDONALD et al., Appellants,

v.

Joseph R. MOBLEY et ux., Appellees.

No. 12554.

Court of Civil Appeals of Texas, Austin.

Sept. 7, 1977.

Rehearing Denied Oct. 5, 1977.

Ted Hollen, Austin, for appellants.

Stephen D. Ramsey, Coffee, Goldston & Bradshaw, Austin, for appellees.

SHANNON, Justice.

Appellees, Joseph R. Mobley and wife, Patricia Mobley, sued appellants, George MacDonald and Glyn Durham, in the district court of Travis County. Appellees sought damages for appellants' alleged faulty construction of a house. After trial to a jury, the district court entered judgment for appellees for $11,400, and for $7,200 as attorney's fees. We will affirm the judgment.

In their trial petition, appellees pleaded that appellants built a house on Foster Street in Austin and sold the house to appellees on April 25, 1973. Appellees alleged that appellants failed to provide the agreed quality and color of carpet in the house. Appellees also alleged that appellants failed to construct the house in a good and workmanlike manner in some forty-seven respects, thereby breaching the implied warranty to construct the house in a good and workmanlike manner. Appellees claimed further that appellants breached their express warranty "of fitness, general condition and habitability of the house."

Appellees averred that the express and implied warranties were "continuing" and that appellants had "repeatedly" breached the warranties. In this connection appellees claimed that appellants acknowledged many of the defects in construction and in the color and quality of the carpeting between May 21, 1973, and November of 1973. Appellants continuously represented that the carpet defects and other defects would be corrected, but the corrections were never made. Appellees claimed that appellants' repeated failures to comply with their "warranties, promises and representations" constituted a deceptive trade practice within the meaning of Tex.Bus. & Comm. Code Ann. § 17.41, *et seq.*, and that appellees, as "consumers," were entitled to maintain an action to recover damages pursuant to Tex.

Bus. & Comm. Code Ann. § 17.50(a)(1), § 17.50(a)(2), and § 17.50(a)(3).

The charge contained twenty-seven special issues. The jury answered that appellants agreed to change the carpet and to install other carpet of one color and quality throughout the house, and that because of appellants' failure to carry out the agreement, appellees were damaged in the sum of $1,500. The jury responded further that appellants after May 21, 1973, represented that the carpet would be changed and that carpet of one color and quality would be installed throughout the house and those representations were a deceptive trade practice which adversely affected appellees. The jury found that appellants failed to construct the house in a good and workmanlike manner in some thirty items and that the reasonable cost of remedying those defects was $2,300. Likewise, the jury answered that appellants after May 21, 1973, had represented that they would repair the defects and that their failure to carry through with their representations was a deceptive trade practice which adversely affected appellees.

The jury answered also that appellants expressly warranted that they would repair defects in materials and workmanship in the house for two years after the purchase and that appellants breached that express warranty. The jury failed to find that appellants committed fraud in connection with the sale of the house to appellees.

Appellants attack the judgment by many points of error, and no effort will be made in this opinion to discuss appellants' points in the order of their appearance in appellants' brief. It should also be observed, in the beginning, that the Supreme Court in *Woods v. Littleton*, 554 S.W.2d 662, Tex.Sup. 1977, recently announced principles of law adverse to many of appellants' points concerning the Deceptive Trade Practices-Consumer Protection Act, Tex.Bus. & Comm. Code Ann. § 17.41, *et seq.*

■ Appellants maintain that there was no evidence, or alternatively insufficient evidence, to support the jury's answers with respect to the agreement to change the carpet and to install other carpet of one color and quality throughout the house. We will overrule this contention inasmuch as there was evidence to support the jury's answers.

Joseph Mobley testified that appellants agreed to change the carpeting in the living room and dining room to a carpeting of Mobley's own choice which he could select from any store in Austin. Appellants were to pay for the carpeting which the Mobleys chose. The Mobleys testified further that appellant MacDonald later agreed with them that if the Mobleys would use carpeting already owned by appellants, then appellants would carpet the entire house. As it happened, appellants had an insufficient quantity of the same color and quality carpeting to carpet appellees' entire house. As a result, when the Mobleys returned from the closing of the transaction on April 10, 1973, there was one color and quality of carpet in the living and dining room area; another color and quality carpeting in the master bedroom and hallway; and still another color and quality of carpeting in the two other bedrooms.

■ Appellants also complain that there was no evidence, or alternatively insufficient evidence, to support the jury's answers that appellants had represented that the carpet would be changed and that carpet of one color and quality would be installed throughout the house, and that those representations were deceptive trade practices. Mrs. Mobley testified that she called appellant MacDonald many times in an effort to remedy the carpet imbroglio. Mobley swore that MacDonald, after May 21, 1973, continued to represent that the carpeting would be changed to conform to the parties' agreement, but that MacDonald never did anything about it.

By several points appellants argue that there existed no implied warranty that the house was constructed in a good workmanlike manner and suitable for human habitation. This is so, appellants urge, by virtue of a printed disclaimer provision in the escrow sales contract. The escrow sales con-

tract provided that appellant MacDonald agreed to convey to appellees the lot,

> "Together with all rights pertaining thereto, including all improvements, fixtures, venetian blinds, curtain and drapery rods, wall to wall carpeting, awnings, screens, shrubbery, mirrors affixed in place, attic fans, heating, lighting and plumbing fixtures, permanent air conditioning equipment, mail boxes, articles of personal property attached to the property, and owned by the seller, *in the same condition as it is on this date, reasonable wear and tear excepted.*" (Emphasis supplied)

Appellants say that the phrase, "in the same condition as it is on this date," excludes the existence of an express or an implied warranty. In this connection appellants observe, correctly, that for a decade principles of implied warranty have been applied in Texas to real estate sales involving new houses. *Humber v. Morton,* 426 S.W.2d 554 (Tex.1968), *Moore v. Werner,* 418 S.W.2d 918 (Tex.Civ.App.1967, no writ). It follows, appellants argue, that the provisions in the Texas Business and Commerce Code for exclusions or modifications of warranties should be applicable to real estate sales involving new houses. More specifically, appellants claim § 2.316(c)(1) authorizes the kind of disclaimer contained in the escrow sales contract entered into between them and appellees.

The applicable provisions of § 2.316 are set out below:

> "(b) Subject to Subsection (c), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that 'There are no warranties which extend beyond the description on the face hereof.'
>
> "(c) Notwithstanding Subsection (b)

> (1) unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like 'as is', 'with all faults' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty . . ."

We believe § 2.316(c)(1) is applicable to the transaction between the parties. See *Tibbits v. Openshaw,* 18 Utah 2d 442, 425 P.2d 160 (1967).

We are also of the view that § 2.316(b) is equally applicable to the transaction. See the cases collected at 73 A.L.R.3rd 248 (1976). By the terms of § 2.316(b) in order to exclude or modify the implied warranty of fitness the exclusion or disclaimer must be in writing and must be conspicuous. A term is "conspicuous" when it is written so that a reasonable person against whom it is to operate should notice it. Tex.Bus. & Comm. Code Ann. § 1.201(10). The disclaimer provision in the escrow sales contract in the case at bar was not conspicuous. The disclaimer was not printed in large or contrasting type or in any other manner to draw appellees' attention to it.

Appellants claim that the court erred in submitting the special issues inquiring into appellants' alleged violations of the Deceptive Trade Practices Act, because those violations occurred before the effective date of the Act. Appellants overlook the fact that the special issues in question limit the jury's consideration to appellants' acts that occurred after May 21, 1973, the effective date of the Deceptive Trade Practices Act. Although the sale which initiated the chain of events which led to the act complained of occurred prior to the effective date of the Deceptive Trade Practices Act, that fact does not preclude recovery under that Act for a deceptive practice occurring after the effective date of the Act, May 21, 1973. *Woods v. Littleton, supra.* There was much evidence that appellants, after May 21, 1973, represented to appellees that they would repair defects in the house and that appellants failed to do so.

By another point of error, appellants urge that the court erred in submitting the deceptive trade practices issues for the reason that the transaction between the Mobleys and appellants was the sale of real estate, and the sale of real estate was not included as "goods" in the Deceptive Trade Practices Act until September 1, 1975. The deceptive trade practices committed by appellants consisted of representations that appellants would change the carpet in the house and install carpet of one color and quality throughout the house and that appellants would repair the defects in the house. Appellants' representations were no more a "sale of real estate" than were the efforts of the builder in *Woods v. Littleton, supra,* to repair the defective sewer system. The point is overruled.

We have discussed the important points in the case. The balance of the points of error and the cross-points have been considered, and as they have no merit, those points are overruled.

The judgment is affirmed.

Affirmed.