572 P.2d 493 (1977)
Melvin R. HOAGLAND, Jr., and Arlene S. Hoagland, Plaintiffs-Appellees,
v.
CELEBRITY HOMES, INC., a Delaware Corporation, Defendant-Appellant.
No. 77-147.
Colorado Court of Appeals, Div. I.
November 17, 1977.
Anthony V. Zarlengo, P. C., Anthony V. Zarlengo, Denver, for plaintiffs-appellees.
Clanahan, Tanner, Downing & Knowlton, Thomas C. McGee, Denver, for defendant-appellant.
COYTE, Judge.
Defendant, vendor of a house which it had constructed for the plaintiffs, appeals the award to the plaintiffs of damages, costs, and expenses for breach of the builder's *494 implied warranty of workmanlike construction. We affirm.
The parties signed a purchase contract February 14, 1973, and signed a "Letter of Warranty Re: Structural Fitness of House" on October 15, 1973, the date the buyers took possession. After numerous discussions with defendant's employees and several letters and reports from plaintiffs' engineer and lawyer, suit was brought in July 1975.
The defendant argues that the letter of warranty the parties executed limits its liability to the plaintiffs by excluding the builder's common law implied warranty of habitability and workmanlike construction. This argument fails for several reasons.
First, by its terms the letter of warranty deals only with structural fitness of the house, but the trial court based its order on breaches of the implied warranty of workmanlike construction as well as suitability of habitation. A warranty of structural fitness is not co-extensive with the two common law warranties. Secondly, the letter of warranty contains no words of limitation that would indicate the intention of the builder to abrogate or limit his common law implied warranties. While an "as is" contract may operate to limit an implied warranty, see Tibbitts v. Openshaw, 18 Utah 2d 442, 425 P.2d 160, this letter does not indicate through using restrictive language that it is intended to release the builder from liability on its implied warranties. Liability in the letter of warranty is limited to the original owner, and acts of God, fire, theft, buyers' negligence or damages covered by insurance are all excluded.
In addition, this letter of warranty is either a unilateral modification to the purchase contract or a unilateral effort on the builder's part, without consideration, to limit its liability. Generally, a modification to a contract requires consideration, H. & W. Paving Co. v. Asphalt Paving Co., 147 Colo. 506, 364 P.2d 185, and accordingly, the builder may not be released from its common law liability simply by offering, on its own volition, another non-exclusive warranty. See Cohen v. Vivian, 141 Colo. 443, 349 P.2d 366.
Furthermore, even if the express and implied warranties were inconsistent, thus bringing the intention of the parties into question, and even if the intention of the parties was found to be that the express warranty governed, as contended by defendant, plaintiffs would, nevertheless, prevail. The trial court found that the builder had sufficient notice of the defects within the one year limitation of the express warranty to bring the defects within the coverage of that warranty. Hence, that finding, being based on substantial evidence, is binding on review, Whatley v. Wood, 157 Colo. 552, 404 P.2d 537, and would support the judgment entered.
When the warranties of workmanlike construction or suitability for habitation are breached, damages may be measured in two ways. The ordinary measure is the difference between the actual value at the time of sale and what the value would have been if it had been as warranted. When, however, the buyer retains the property, the measure of damages may appropriately be the cost of bringing the property into conformity with the warranty. Glisan v. Smolenske, 153 Colo. 274, 387 P.2d 260. This latter measure of damages was properly applied in this case.
The defendant argues that the trial court's refusal to hear supplemental evidence discovered after trial but before entry of judgment was error. The evidence apparently related to the measure of damages and impeachment of the testimony of one of the plaintiffs. After the evidence is closed, the decision whether to admit supplemental evidence is within the sound discretion of the trial court. We find no abuse of that discretion in this case. See Clopine v. Kemper, 140 Colo. 360, 344 P.2d 451.
The judgment is affirmed.
ENOCH and PIERCE, JJ., concur.