375 So.2d 587 (1979)
RAPALLO SOUTH, INC., Appellant,
v.
JACK TAYLOR DEVELOPMENT CORPORATION, Appellee.
No. 78-342.
District Court of Appeal of Florida, Fourth District.
August 29, 1979.
Rehearing Denied October 29, 1979.
Edna L. Caruso, P.A., Montgomery, Lytal, Reiter, Denney & Searcy, P.A., and Richard D. Schuler of Schuler & Wilkerson, West Palm Beach, for appellant.
Ronald Sales, Palm Beach, for appellee.
LETTS, Judge.
This appeal comes to us from an order dismissing a third amended complaint with prejudice, predicated on failure to state a cause of action. We reverse.
This is yet another of the never ending series of disputes between condominium residents and their developers. The complaint consisted of three counts: breach of contract, breach of implied warranty and negligence. A reading of it reveals allegations of a myriad of shortcomings and defects caused by unsatisfactory construction of the common elements.
*588 The developer's defense is simple and concerns itself with a paragraph contained in each and every purchase agreement. It reads as follows:
XI. ACCEPTANCE OF PROJECT AND WARRANTIES
At such time as a Certificate of Occupancy has been issued by the City of West Palm Beach with respect to the building constructed on the premises, and when the Seller has caused the building to be furnished and equipped with the items described and set forth on Exhibit 2, the Seller's obligations to the Purchaser and to the condominium association shall, except as hereinafter provided, cease and come to an end. It is understood and agreed that the Seller shall, for a period of one year from the date of the Certificate of Occupancy, continue to remain responsible to the Purchaser and the Condominium Association for the correction of all defective work occasioned and resulting from the use of defective materials and/or poor workmanship in the construction of the building. The Seller agrees that to the extent that the same are transferable it will transfer to the Condominium Association for its benefit and the benefit of the Purchaser all warranties which may be furnished by such contractors and material suppliers. (emphasis supplied)
The lower court's order does not set forth the specific reason for the dismissal, but the motion to dismiss alleges that:
The contract provides a one year express warranty in lieu of all other obligations and duties of the defendant. The plaintiff is disabled from bringing an action of implied warranty or negligence but is limited to an action for breach of express warranty.
From this we conclude that, either the judge found the language of the purchase agreement sufficient to constitute a disclaimer, or that the complaint was inadequate for failure to allege that the defects surfaced within one year from the date of the certificate of occupancy.
We see no material difference between the above quoted and emphasized language from the purchase agreement and the wording of the air conditioning warranty referred to in this court's decision in Gable v. Silver, 258 So.2d 11 (Fla. 4th DCA 1972). In the Gable case the operative phrase of the warranty read:
All equipment, materials and workmanship installed by seller shall be guaranteed for a period of one year, unless otherwise specified.
As to this latter wording the Gable court said:
1. We believe that the express warranty present in this cause in no way precluded, or is inconsistent with, the imposition of an implied warranty of fitness and merchantability.
In arriving at this conclusion we first examined the effect of an express disclaimer against implied warranties, a situation not present here, but an extreme necessary to present in fortifying our conclusion. Typically, such a disclaimer attached to an express warranty would say it was expressly in lieu of all other implied and express warranties.
* * * * * *
Since there was no express disclaimer, should we then imply one, due to the inclusive wording used in the contract? We think this would be an entirely artificial way to dispose of this cause. Further, it has consistently been held that an express warranty is not inconsistent with, does not negate or exclude implied warranties of fitness and merchantability. They may easily coexist (footnote omitted). We hold such a coexistence lies here.
The Gable court thus adopted the law dictionary definition which speaks of a "disclaimer" as being more than a mere statement of time limitation on an express warranty. In addition, an express repudiation or renunciation of any alternative form of warranty is required. There is no such repudiation or denunciation in the case at bar. In fact the quoted section of the purchase agreement, far from being entitled a *589 disclaimer of any warranties, is head-noted an "acceptance" of same.
Finally as to any argument that the complaint is fatally defective because it fails to allege that one year has, or has not, gone by since the certificate of occupancy was issued, we view this as an affirmative defense and a matter of proof. We agree that the complaint might have dealt with this aspect but also agree with appellant's assertion that the language does not create a condition precedent. Rather it provides a limitation of defendant's liability.
REVERSED AND REMANDED IN ACCORDANCE HEREWITH.
MOORE, J., and BURNSTEIN, MIETTE K., Associate Judge, concur.