**Carl Gregory BRIDGES, et al., Appellees,**

v.

**Dan FERRELL, Appellant.**

**No. 60114.**

Court of Appeals of Oklahoma, Division No. 1.

April 10, 1984.

Rehearing Denied May 29, 1984.

Certiorari Denied July 25, 1984.

Released for Publication by Order of Court of Appeals July 30, 1984.

Mattingly, Conyers & Snow by Jack Mattingly, Seminole, for appellees.

Clarke & Van Wagner, Inc. by George Van Wagner, Shawnee, for appellant.

ROBINSON, Judge:

Appellant-defendant, Dan Ferrell [Builder], built a single-family residence in Shawnee, Oklahoma in 1980 and sold the residence to a private party who subsequently resold the house in 1981 to Appellees-plaintiffs, Greg and Terry Bridges [Homeowners]. The original contract for sale provided the following language: "Seller to provide one-year Builder's Warranty". The real estate purchase contract for resale of the home to Homeowners provided that "Builder's Warranty [is] to be transferred to Buyer." Shortly after Homeowners took possession in September, 1981, they experienced structural problems with the home. Homeowners then sued Builder for breach of implied warranty of habitability, recovering $9,000.00 in damages. From the jury verdict, and judgment thereon Builder appeals.

The sole proposition of error cited by Builder is that the "Court erred in instructing the jury that the implied warranty of habitability controls over an express warranty agreed on by the parties." Essentially, Builder requested the trial court to instruct the jury that if it was found that a written warranty was agreed to by the parties for one year, then that warranty controlled over an implied warranty for a reasonable time. Builder's requested instruction in that regard reads in part:

When a Builder sells a new home, if he warrants the home in writing, then such express warranty determines the extent and duration of the Builder's responsibility. If the Builder expressly warrants

for one year then the Builder is not responsible for defects which occur more than one year after construction.

Builder's requested instruction is not a correct statement of the law, and we hold that the mere existence of an express warranty providing for specified protection for a limited period of time, does not, in the absence of agreement to the contrary, displace the obligations arising by operation of law under an implied warranty of habitability. We further hold, that to relieve a builder-vendor of its obligation under an implied warranty of habitability, there must be clear and conspicuous language evidencing builder's disclaimer of its obligations arising under an implied warranty of habitability.

In *Jones v. Gatewood*, 381 P.2d 158 (Okl. 1963), the Supreme Court found that the seller of a house which was sold during the construction phase impliedly warrants that when the house is completed it will be completed in a workmanlike manner and reasonably fit for occupancy, in the absence of an agreement to the contrary. Later, in *Jeanguneat v. Jackie Hames Const. Co.*, 576 P.2d 761 (Okl.1978), the Court held that when a builder vendor sells a new home, it impliedly warrants that the new home is or will be completed in a workmanlike manner and is or will be reasonably fit for occupancy, in the absence of an agreement to the contrary, and that the warranty exists, as a matter of law, whether the new home being sold is completely constructed or, at the time of the sale, is in the construction phase. The Court subsequently extended the protection afforded under the implied warranty of habitability to subsequent purchasers of a home, as was the case at bar. *Elden v. Simmons*, 631 P.2d 739 (Okl.1981).

In each of the above cases, the Court indicated that the implied warranty of habitability could be waived by the parties by agreement. In so holding, the Supreme Court of Oklahoma is in accord with the great majority of courts holding that while an implied warranty of habitability is a creature of public policy, a knowing dis-

claimer of the implied warranty would not be considered against public policy of the state. *See e.g., Sloat v. Matheny*, 625 P.2d 1031 (Colo.1981); *Petersen v. Hubschman Const. Co., Inc.*, 76 Ill.2d 31, 27 Ill.Dec. 746, 389 N.E.2d 1154 (1979). However, while the majority of states permit a disclaimer of an implied warranty of habitability by a builder-vendor, the disclaimer must be by clear and unambiguous language and such disclaimers are strictly construed against the builder-vendor. *Id.*

 In the present case, there is no contention whatsoever by Builder that its express warranty on the sales contract, which stated only that "Seller to provide one-year Builder's Warranty", contained any language evincing a valid disclaimer. In the absence of a clear and conspicuous disclaimer, there can be no waiver of the implied warranty of habitality. Language on a sales contract providing for a builder's warranty of one year does not rise to the dignity of a "contrary agreement" between the parties evidencing an intent to waive the implied warranty. The overwhelming majority of state and federal courts concerned with the question have held that an express warranty against defects for a limited period of time should not be interpreted as a limitation upon a builder vendor's liability for defective work, and in no way impairs its general obligation to perform the contract in a proper, workmanlike manner. In short, the courts have held that the presence of an express warranty is an added guarantee inserted into the contract to extend, rather than limit, liability for faulty construction, and as such does not prescribe the owners' exclusive remedy. *See Burton-Dixie Corp. v. Timothy McCarthy Const. Co.*, 436 F.2d 405 (CA5 1971); *Hoagland v. Celebrity Homes, Inc.*, 40 Colo.App. 215, 572 P.2d 493 (1977); *Rapallo South, Inc. v. Jack Taylor Development Corp.*, 375 So.2d 587 (Fla.App.1979); *Norair Engineering Corp. v. St. Joseph's Hospital, Inc.*, 147 Ga.App. 595, 249 S.E.2d 642 (1978); *Richman v. Watel*, 565 S.W.2d 101 (Tex.Civ.App.1978), ref. n.r.e. 576 S.W.2d 779 (Tex.1978).

For the foregoing reasons, we find the jury instruction as given by the trial judge provided a correct statement of law and we affirm the decision below in all respects.

AFFIRMED.

YOUNG, P.J., and REYNOLDS, J., concur.