### GILBANE BUILDING COMPANY

v.

### OCEAN STATE BUILDING & WRECKING, INC. et al.

#### No. 99–21–Appeal.

Supreme Court of Rhode Island.

March 24, 2000.

---

Lawrence P. McCarthy, Providence, for Plaintiff.

Fred J. Volpe, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

PER CURIAM.

## OPINION

This case came before the Supreme Court for oral argument on March 6, 2000, pursuant to an order directing the parties to appear and show cause why the issues raised on appeal should not be decided summarily. Ocean State Building & Wrecking, Inc. (Ocean State) and its surety, United Coastal Insurance Company (United) (collectively, defendants), have appealed a Superior Court judgment of $32,135.26, plus interest, against them and in favor of Gilbane Building Company (Gilbane), in Gilbane's action for breach of contract and breach of warranty. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we hold that cause has not been shown and that the appeal should be summarily decided.

In 1992, Gilbane was hired by Johnson & Wales University (Johnson & Wales) for a construction project, including the demolition of McNulty Hall, a dormitory. Gilbane subcontracted with Ocean State to demolish McNulty Hall, remove all debris, then backfill the basement using clean fill deposited in twelve-inch layers, with each layer compacted to 90 percent density, and to employ a registered soil engineer to monitor the filling before taking compaction tests.

In late June 1993, the demolition and backfill were completed, and Gilbane subsequently paid Ocean State $520,000 for the work. In October 1994, after Johnson & Wales discovered debris buried on the site, Gilbane dug several test pits two to three feet deep and found debris consisting of wood, bricks, wires, rugs, metal, and both chairs and plastic serving trays that had been in McNulty Hall before demolition began. After Ocean State refused Gilbane's request to remove the debris and replace it with clean fill, Gilbane hired other contractors to do so at a total cost of $32,135.26. Gilbane brought suit, seeking damages in this amount from Ocean State.

After a jury-waived trial, the trial justice made findings of fact and awarded judgment to Gilbane. The defendants moved for a new trial, arguing that the trial justice had overlooked material evidence and that Gilbane's action was barred by a contractual one-year warranty on Ocean State's work. The new trial was denied, and both arguments were raised again on appeal.

■ This Court has consistently held that the factual findings of a trial justice sitting without a jury are entitled to great weight, *Hawkins v. Town of Foster*, 708 A.2d 178, 182 (R.I.1998), and we shall not disturb those findings "unless the justice has overlooked or misconceived material evidence or was otherwise clearly wrong." *State v. Collins*, 679 A.2d 862, 865 (R.I. 1996). No such error occurred in this case, in our opinion.

The defendants argued that the trial justice should have inferred from the evidence that Ocean State properly performed its work and that the debris was placed there by other persons. The trial justice reviewed the evidence and found that Ocean State's theory "just doesn't make sense" because someone would have had to remove several feet of soil from a 15,000–square–foot site, add the debris, and then cover it with two to three feet of clean fill, without anyone having witnessed it. The trial justice found that the evidence tended to show that by the time of the first compaction test, enough fill had been deposited to cover up the debris later found on the site. The trial justice did not overlook or misconceive material evidence in making these findings.

The defendants further contended that the trial justice erred when he denied their motion to dismiss on the grounds that the warranty provision of the contract guaranteed the work for one year from the date of completion of the work, and thus Gilbane's action was time-barred because it was commenced more than one year after Gilbane's acceptance of the work. The trial justice rejected this position, as do we.

■ This argument was first presented to the trial justice as part of the motion for new trial. We have previously held that "[f]ailure to plead [an] affirmative defense or to raise the issue before the trial justice in a timely manner constitutes a waiver of the defense." *Landfill & Resource Recovery, Inc. v. Gelinas*, 703 A.2d 602, 604 (R.I.1997). In the case at bar, because defendants failed to raise the contractual provision as a defense until after judgment entered, we consider the defense to have been waived.

■ Even if defendants had timely raised the issue, the contractual provision would not have barred Gilbane's action. Gilbane sought damages for breach of warranty and for breach of contract. Assuming, *arguendo*, that the contractual warranty provision required a breach of warranty action to be commenced within one year of completion of the contract, it would have had no such effect on an action for breach of contract. "[T]he overwhelming weight of authority is 'that an express warranty against defects for a limited period of time should not be interpreted as a limitation upon a builder vendor's liability for defective work, and in no way impairs its general obligation to perform the contract in a proper, workmanlike manner.'" *Hennes Erecting Co. v. National Union Fire Insurance Co.*, 813 F.2d 1074, 1081 (10th Cir.1987) (quoting *Bridges v. Ferrell*, 685 P.2d 409, 411 (Okla.App.1984)). The trial justice specifically stated that the evidence "clearly indicates that [Ocean State] failed to comply with the contract." It is our opinion that this finding was sufficient to support a judgment for Gilbane in its action for breach of contract.

For these reasons, the defendants' appeal is denied and dismissed. We affirm the judgment of the Superior Court, to which the papers of the case may be remanded.